JUDGE COFER
delivered the opinion oe the court.
1. The ownership of the house is sufficiently stated in the indictment for arson in this case. It is alleged to have been occupied by Hattie Taylor as a residence, and this, for the purposes of an indictment for arson, is equivalent to an averment that it was her house. The rule that the ownership of the house must be stated does not require that the name of the *245 owner in fee should be given. It may be alleged to have been the property of the tenant in possession, for the tenant has a special property in the house during his term. There can be no reason for requiring the name of the owner of a house charged to have been burned by the defendant to be stated in the indictment, except to enable the accused to prepare for his defense and to plead an acquittal or conviction in bar of a second prosecution. These objects are accomplished by stating who the tenant was at the time of the burning.
No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits. (Section 129 Criminal Code.)
The description of the property, alleged to have been partially burned, as a house occupied at the time as a dwelling-house by Hattie Taylor, served the same purpose as if it had been described as a house owned by A. B., and occupied by her; and the defect in the indictment, even if there be one, is unsubstantial, and could not possibly have prejudiced the rights of the defendant on the merits.
2. The indictment being good as an indictment for arson, the defendant could be lawfully convicted under it of the crime of an attempt to commit arson. (Section 258 Crim. Code.)
Counsel contends, however, that because of the peculiar language of section 5 of article 7, chapter 29 of the General Statutes, punishing attempts to commit certain crimes, of which arson is one, a person indicted for arson can not be convicted of an attempt to commit that crime.
That section reads: “ If any person shall willfully, maliciously, and unlawfully attempt to commit any of the offenses described in the four preceding sections, though the property or any part thereof be not fired or burned, he shall be confined in the penitentiary not less than three months nor more than six years.”
*246 It is charged in the indictment that the accused “ willfully and feloniously” set fire to the house. That is equivalent to a charge that the act was done “willfully, maliciously, and unlawfully,” for it could not be felonious without being both malicious and unlawful.
3. We perceive no valid objection to the action of the court in giving and refusing instructions.
Instruction “A” directed the jury to find the defendant guilty if they believed from the evidence beyond a reasonable doubt that he willfully, maliciously, and unlawfully set fire to or attempted to burn the house. No objection is urged to that instruction, but it is objected to instruction “B” that the word “maliciously” was omitted, and the rights of the defendant were thereby prejudiced. In that instruction the jury were told that unless they believed beyond a reasonable doubt that the defendant willfully set fire to or attempted to burn the house, they should find him not guilty. The jury had been told to convict if they found beyond a reasonable doubt that the act was done and that it was willful, malicious, and unlawful, and the omission of the word malicious in the counterpart to the first instruction could not have misled the jury.
Perceiving no error to the prejudice of the appellant on the merits, the judgment is affirmed.