DeadericK, Cb. J".,
delivered tbe opinion of the court:
The plaintiff in error was convicted in the circuit court of Hamilton county, of barn burning. Several reasons are assigned here why the judgment should be reversed. The indictment charges that the barn burnt was the property of C. E. Shelton. The evidence shows that it was- the property of said Shelton and one Moore, and when burned v:as in the possession of Barnwell, the prosecutor. For the *421 state, it is argued that under sec. 4668 of tbe Code [Shannon’s Code, sec. 6531], it is not necessary to allege tbe ownership of tbe barn. Even if this proposition were conceded to be correct- (and we do not think it is), still it is a master of description, and should be proved as alleged. 1 Gr. Ev., sec. 65; 3 Gr. Ev., secs. 10 and 57, and note 1. We have no statute modifying the rule of the common law as to injuries to realty or arson, as in some of the states, that proof of ownership of one of several tenants in common is sufficient.
But as to arson and tire kindred offense of bam burning, the rule of the common law still prevails in. Tennessee, and that rule is, that it is essential to prove the ownership of the property destroyed (2 Wh. Cr. L., sec. 1671), and especially must the proof correspond with -the allegations of the indictment. But we are not satisfied with the verdict in this case, upon the facts disclosed in the record.
The case depends wholly upon circumstantial evidence, and upon one single circumstance. The evidence shows ■very satisfactorily, that the next day after the burning, tracks exactly corresponding with those made by defendant’s boots, were found leading to within thirty yards of the burnt barn, and these tracks were traced from about that distance from the barn, returning to within two or three hundred yards of the place at which defendant lived, one and a quarter miles from the bam. Ordinarily, in cases depending wholly upon circumstantial evidence, there are more circumstances than one — often they are numerous — all pointing to the guilt of the defendant, and where they are of such a nature as not to be consistent upon any reasonable hypothesis, with the innocence of the prisoner, and perfectly reconcilable with his guilt, a jury may well convict. The proof, however, is more cogent' when the circumstances are numerous, and are derived from different and independent sources, than when they are few. 1 Ph. on Ev., 614, note —. In this case there is but one circumstance, but that is attested by a number of uncontra- *422 dieted and credible witnesses, and we do not say that it is indispensable that there should be more. But the testimony of numerous witnesses, some of them farmers for whom he has worked, gives defendant an unusually excellent character as a peaceable, industrious, and mild-tempered man. The prosecutor himself says that Walker, the prisoner, has lived in his neighborhood five or six years, and he has known him that long, and that they have always been friendly, and that he has always sustained a good character, and was a good, peaceable, quiet boy.
Tress Annier, the man with whom defendant lived when the barn was burnt, says he has a fruit farm one and a quarter miles from where the barn, was burnt, and that he has known defendant six or seven years; that he lived in his neighborhood during that time; that he has one of the best barns in the county, and that defendant slept in the barn; that he worked hard the day of the night on which the barn was burnt; went to the bam to sleep as usual, and was up as usual next morning; that de-tendant was a heavy sleeper, and although there was a lock to the bam door, defendant usually left it unlocked. This witness says defendant has the very best character; that he employed him on account of his good character and reputation; that he is hard-working, industrious, and economizing, and has saved up- some property, and loaned money at interest; that he is trustworthy and reliable in every respect, and he would trust him anywhere. He adds that any person who chose could have gone; into where defendant slept, by unlatching the door, and that no man in his neighborhood had a- better character than defendant. bout in the same strong terms of indorsement is the testimony of three or four other witnesses who have known defendant for ten to eleven years, and for one; of whom-he -worked for three successive years — who says he never saw him angry during that time, or fretted with unruly horses or oxen; that he is peaceable-, quiet, inoffensive, economical, and strictly honest and trustworthy. Another *423 witness, wlio was tbe. first to discover tracks tlie morning after fire, says tbat a large dog seemed to bave been witb tbe person making tbe tracks; tbat tracks of a large dog were along witb tbe tracks of tbe man.
Tbe employer of defendant says he had two small dogs, lrat they would not follow defendant, and tbat defendant bad no dog of any kind.
When arrested, defendant was asked about bis boots, having on shoes at tbe time of bis arrest, and required to produce them. lie was asked if Ids boots bad iron taps upon tbe heels. lie answered tbat one bad and tbe other bad not, and. went for them to tbe barn and produced them, and they were found as described by him. He made no effort ro fabricate or suppress evidence, and in view of tbe remarkably good character which be establishes, and no evidence being adduced to tbe contrary, we are not satisfied tbat tbe single circumstance proved against him warrants the verdict rendered by tbe jury. It seems improbable tbat a man proving snob a high character for honesty, peacefulness, thrift, and good nature, should, without provocation or motive, commit such a crime as tbat witb which be is charged. We therefore reverse the judgment, and remand tbe cause for a new trial.