M. E. BURGER ET AL. V. STATE OF NEBRASKA.

[FILED APRIL 7, 1892.]

1. Arson: INFORMATION: NAMES OF OWNERS. In an information for arson in setting fire to a building the ownership thereof may be alleged to be in the party in possession because the offense is against the habitation. Where, however, the offense charged is the burning of certain "stacks of wheat of the value of $300," etc., the names of the owners thereof must be alleged and proved.

2. ———: Instructions as to Value. Under a statute which declares, "if any person shall willfully or maliciously set fire to, or burn or cause to be burned, any barrack or stack of hay, wheat, etc., * * * the property of another, of the value of $30 or upwards," an instruction that if the property "is of some value you will find said Edward Hoagland guilty," is erroneous.

3. ———: Reasonable Doubt. An instruction that "If you find the defendants tendered a reasonable doubt" is erroneous, as it in effect shifts the burden of proof onto the accused. The true rule is that if upon all the evidence the jury entertain a reasonable doubt of the guilt of the accused they should acquit.

Error to the district court for Custer county. Tried below before Gaslin, J.

*Blair & Campbell,* for plaintiffs in error, cited: *Morrison v. State,* 13 Neb., 527; *Haslip v. State,* 10 Id., 590.

*George H. Hastings, Attorney General, contra,* cited: *Rufer v. State,* 25 O. St., 464; *Williams v. State,* 19 Tex. App., 276; *Eberhart v. State,* 47 Ga., 598.

Maxwell, Ch. J.

The plaintiffs in error were informed against by the county attorney of Custer county. The information is as follows:

"Be it remembered that H. M. Sullivan, county attorney in and for Custer county, and in the tenth judicial district of the state of Nebraska, who prosecutes in the name and by the authority of the state of Nebraska, comes here in person into court at this the November term, A. D. 1890, thereof and for the state of Nebraska gives the court to understand and be informed that Harry Hoagland and Edward Hoagland, late of the county aforesaid, on the 25th day of August, A. D. 1890, in the county of Custer and the state of Nebraska aforesaid, the said Harry Hoagland and Edward Hoagland then and there being, four stacks of wheat of the value of $300, and three stacks of

oats of the value of $300, there situated, the property of one Alfred Moody, did unlawfully, willfully, maliciously, and feloniously then and there set fire to burn and consume, and before said arson and felony was committed by the said Harry Hoagland and Edward Hoagland, to-wit, on the 24th day of August, 1890, one Mortimer E. Burger, in said county of Custer and state of Nebraska, did unlawfully, purposely, and feloniously procure, incite, abet, and aid the said Harry Hoagland and Edward Hoagland in the perpetration of said arson in the aforesaid manner and form, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Nebraska."

The parties informed against pleaded not guilty. Harry Hoagland, however, gave evidence on behalf of the state tending to show the guilt of his brother and Burger, and during the trial a *nolle prosequi* as to Harry was entered by the county attorney. The plaintiffs in error were found guilty, Burger being sentenced for three years' and Hoagland for two years' imprisonment in the penitentiary. Before the trial in the court below each of the plaintiffs in error made an affidavit of poverty, and the court appointed attorneys to defend them. It will be observed that in the information the property is alleged to belong to one Alfred Moody. On the trial of the cause, however, Mr. Moody testified that the property burned belonged to himself and his son-in-law. What part belonged to each does not appear. For aught that appears, his interest may have been merely nominal, and of much less value than $35.

Sec. 60 of the Criminal Code provides: "If any person shall willfully or maliciously set fire to, or burn or cause to be burned, any barrack, stack of hay, wheat, rye, oats, barley, flax, hemp, or fodder, or grain of any kind, or any corn crib or place wherein corn may be deposited, or any fence, boards, planks, scantling, rails, tan bark, or timber, the property of another, and of the value of thirty-five

dollars or upwards, every person so offending shall be imprisoned in the penitentiary not more than three years nor less than one year." This statute is copied from the Ohio Criminal Code, and similar provisions are found but in few states; where a building has been burned it is sufficient to allege the ownership in the party in possession, for the reason that the offense is against the security of habitation. And if the party is in actual possession it is immaterial, whether the fee is in him or not, or whether another has a better right than he to the possession. (2 Bish. Cr. Proc., sec. 37; Maxwell's Cr. Proc., 111.) When, however, it is alleged that property not in the actual possession of any one, has been willfully and maliciously burned, the ownership must be truly alleged. The proof, therefore, in this case fails to sustain the charges.

The instructions are as follows:

"If you find defendants tendered a reasonable doubt, Harry Hoagland and defendant Edward Hoagland, in the county of Custer, Nebraska, on or about August 25, 1890, unlawfully, willfully, maliciously, feloniously, and intentionally did set fire to and burn and cause thereby consumed by fire four stacks of wheat, three stacks of oats, or some part thereof, the property of one Alfred Moody, of some value, you will find said Edward Hoagland guilty. And if you find beyond a reasonable doubt the said Edward Hoagland and Harry Hoagland, or either of them, committed the crime of setting fire to said stacks, or some of them, as averred in the information, and you further find before the firing of said stacks of wheat and oats, or some of them, by said Edward Hoagland and Harry Hoagland on or about August 24, 1890, said defendant Mortimer E. Burger, in said county of Custer, unlawfully, purposely, and feloniously proceeded, incited, abetted, and aided said Harry Hoagland and Edward Hoagland in the commission of the crime of burning and firing the said stacks as accused, or some part of them, as averred in the information in this

case, you will be warranted in finding said Burger guilty. Though Harry Hoagland is mentioned in the information you will not consider his guilt or innocence, as he has been discharged and used as a witness pursuant to provisions of section 474, Criminal Code, Nebraska. If you entertain one well grounded, reasonable doubt as to guilt of said defendants you will acquit."

These are all the instructions found in the record. It will be observed that the jury were instructed that if they found the stacks were of some value they will find said Edward Hoagland guilty. And, in substance, that if Berger incited Hoagland to burn the same, that they would be warranted in finding him guilty. To constitute the offense charged, the property burned must be of the value of $35 or upwards. This element is entirely left out in the instructions. It will be observed, too, that the court assumes the guilt of the accused. The instructions commence with the statement "If you find defendants tendered a reasonable doubt," etc., and conclude, "if you entertain one well-grounded, reasonable doubt as to the guilt of said defendants you will acquit." The first of these statements shifts the burden onto the accused to raise a reasonable doubt of their guilt, whereas the rule is that if upon all the evidence there is reasonable doubt of the guilt of the accused, it is the duty of the jury to acquit. The errors were prejudicial to the accused. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.