Heard v. State.

JOHN HEARD *v.* STATE.

(*Jackson.* April Term, 1906.)

1. **ARSON.** Proof of ownership must correspond with allegations.

Upon the trial of one indicted for arson, the proof of ownership must correspond with the allegations of the indictment, and a variance in this particular is fatal.

Case cited and approved: Walker v. State, 2 Tenn. Cas., 420.

2. **SAME.** Same. Proof of occupancy sufficient proof of ownership.

Arson is an offense against the security of the habitation rather than the property, and proof of actual occupancy by one in whom ownership is laid in the indictment is not a variance, but is sufficient proof of ownership.

Cases cited and approved: People v. Van Blarcom, 2 Johns. (N. Y.), 105; Davis v. State, 52 Ala., 357; Adams v. State, 62 Ala., 177; Wiley v. State (Texas), 31 S. W., 393; Rex v. Wallace, 1 Mo. C. C., 344; Burger v. State, 34 Neb., 397; State v. Gailor, 71 N. C., 88.

FROM SHELBY.

Appeal from the Criminal Court of Shelby County.— JOHN T. MOSS, Judge.

J. G. REASONOVER and CHAS. E. HUNT, for Heard.

ATTORNEY-GENERAL CATES, for State.

Hon. G. T. Fitzhugh, Special Judge, delivered the opinion of the Court.

Plaintiff in error was indicted, in the criminal court of Shelby county for burning the dwelling house of one Thomas James. He was tried, convicted, and sentenced to five years imprisonment in the State penitentiary. Motions for a new trial and in arrest of judgment having been overruled, he brought the case to this court, and has assigned several reasons why the case should be reversed. It is insisted that the State failed to prove that Thos. James was the owner of the house which was burned, as alleged in the indictment; that there was, therefore, a material variance in the proof and the allegations in the indictment as to the ownership of the house burned, and in this connection errors are assigned on the refusal of the trial judge to give certain special instructions requested by the defendant to the effect that, if Thos. James was not the legal owner of the house, the jury must return a verdict in favor of the defendant. The facts necessary to be stated in the determination of this question are that Thos. James and his family were occupying the house, at the time that it was burned, under a contract of sale, duly executed, by which the plaintiff in error, Heard, agreed to sell and convey said house and lot to the prosecutor, Thos. James, for the sum of $600, of which $50 was paid in cash, and the balance to be paid in monthly installments of $8 each. The prosecutor and his family immediately went into possession of the property as a dwelling. Time was made

the essence of the contract, and it was especially provided tht, in the event of default in the monthly payments, and such default, continued for a period of thirty days, the contract was to become void, and the defendant was to be restored to possession of the property. The prosecutor did not pay the first monthly installment, and, on the afternoon of the same date on which the house was destroyed by fire, at night, defendant swore out a writ of forcible entry and detainer to secure possession of the property. Under this state of facts, it is insisted that the prosecutor was not the owner of the house, as charged in the indictment. Of course, it is well settled that the proof of ownership must correspond with the allegations of the indictment, and that a variance in this particular is fatal. *Geo. Walker* v. *State,* 2 Tenn. Cas., 420. But the question here presented is what character of ownership must be proven in order to meet the allegations of the indictment? Must the ownership of the house burned be laid in the occupant, as was done in the case at bar, or in the owner of the fee? If in the former, then the question of title is wholly immaterial. Although the exact question has not been passed on by this court, it has been uniformly held that arson is an offense against the security of the habitation rather than the property, and "the house of another is the house of the occupant and not the owner of the fee." 2 Am. & Eng. Enc. of Law (2d Ed.), p. 935.

In *People* v. *Van Blarcom,* 2 Johns. (N. Y.), 105, it

was held that it is enough to charge ownership in the actual occupant of the dwelling, and the court will not inquire into the tenure or interest such person has in the house burned. In *Davis* v. *State,* 52 Ala., 357, it was held that the bunring of a dwelling house being an offense against the habitation, the ownership should be laid in the occupier.

In *Adams* v. *State,* 62 Ala., 177, it was held proper to charge ownership on the one of two joint tenants who was in actual occupancy of the property. In *Wiley* v. *State,* (Tex. Cr. App.), 31 S. W. 393, ownership was laid in the occupant of a portion of the house which had been orally given to the defendant by his father. In holding that proof of such occupancy was sufficient to sustain the averment of ownership in the defendant, the Court of Criminal Appeals of Texas said: "Whether the legal title was in him was not material; the possession of that portion of the house burned was in him, and this was sufficient to constitute him the owner on a charge of arson. It was not necessary to prove absolute title to the property in the son to constitute him the owner in this case."

In *Rex* v. *Wallace,* 1 Mo. C. C., 344, it was held to be proper to charge ownership in a tenant by sufferance. In *Burger* v. *State,* 34 Neb., 397, 51 N. W., 1027, it was held that, on information for arson, the ownership may be alleged to be in the party in possession. In *State* v. *Gailor,* 71 N. C., 88, 17 Am. Rep. 3, it was held that the ownership of the property was well laid in the widow

of the deceased, who has occupied and used the same since here husband's death, although there are living heirs, and although dower has not yet been assigned to her.

Many other cases could be cited to sustain the proposition that proof of actual occupancy was sufficient proof of ownership. It follows, therefore, that the error assigned on this phase of the case must be overruled.

We do not think, however, that the evidence is sufficient to sustain the verdict. The testimony of the wife and stepdaughter of the prosecutor, the only two witnesses who connected defendant with the crime, was contradictory and exceedingly unreasonable. The prosecutor was about to be put out by legal process. He left home a few hours before the fire to spend the night elsewhere, and told his wife and stepdaughter to meet him on Beale street the next morning and tell him what happened. He was evidently expecting something to happen, and it did. Defendant proved a good character, and no motive was shown for his burning a house in which he was so largely interested. Without reviewing the facts further, we are satisfied to reverse the case and suggest that a *nolle prosequi* be entered by the attorney general.