KOPCYZNSKI, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 1—December 15, 1908.*

*Criminal law and practice: Arson: Nature of offense: Dwellings: Persons liable: Husband and wife: Indictment and information: Allegations of ownership: Status of title to property: Materiality.*

1. The offense of burning the dwelling house of another, covered by sec. 4399, Stats. (1898), is the same as that of such burning by common law.

2. The offense of burning the dwelling house of another relates to the security of the habitation, not to that of property.

3. In case of the felonious burning of the dwelling house of another, the idea is that the house of such other is his to occupy as a habitation, regardless of the title to the property. One may be guilty by burning his own house, when it is the dwelling house

of another, but cannot if it is his own habitation. So neither husband nor wife can be guilty of such offense by burning the dwelling house which they jointly occupy as a home, regardless of the status of the title.

4. In charging the offense of burning the dwelling house of another, it is proper to allege the dwelling house to be that of him who occupies the structure as a habitation, though he may have no property right therein.

5. The rule that a husband or wife cannot be, under any circumstances, properly charged with the offense of burning the dwelling house which the two jointly occupy as their habitation, does not apply where it is the habitation of but one; the other, though the marital relations still exist, having left the same to reside elsewhere.

6. In the case last suggested, the status of the title to the property is immaterial, except as it may bear on the question of fact respecting joint occupancy of the property burned as a dwelling house.

[Syllabus by MARSHALL, J.]

ERROR to review a judgment of the circuit court for Marathon county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

Plaintiff in error was charged under sec. 4399, Stats. (1898), with burning the dwelling house of Julia Kopcyznski, November 6, 1905, no person being lawfully therein. The cause was tried on a plea of not guilty. There was evidence to this effect: The accused at the time of the occurrence was the lawful husband of Julia Kopcyznski. They had lived on the farm on which the house was located for some twenty years before they separated as hereafter stated. Some time in 1904 the accused deeded the farm to his wife, she then giving him $500, which he claimed had been previously given to her by him for safe-keeping, but which she claimed was her money. Prior to the time the farm was so deeded the parties had serious trouble. After the settlement, including the deeding of the farm and payment of the money, it was understood the accused could stay on the place so long as he behaved himself. About a year thereafter trouble commenced again and became quite serious. He was a mason and accustomed to be away from home working at his trade a considerable portion of his time. Shortly before the

fire the parties had trouble.    She commenced an action for divorce and he left home, taking substantially all his personal belongings with him.    He was not then working at his trade. He returned November 2d, apparently for the purpose, only, of making some settlement with his wife.    He remained in the house over night, Mrs. Kopcyznski sharing her bed with him, by compulsion as she claimed, but otherwise as he claimed.    He left the next morning, but soon returned, when she, becoming frightened because of his conduct, went away. November 3d he was arrested upon the complaint of his wife for assault.    He did not stay at the house thereafter.    On the night of the 5th and 6th the house was burned, and there was evidence tending to show that he set the fire.    The jury rendered a verdict of guilty.

For the plaintiff in error there was a brief by *Brown, Pradt, Genrich & Anderson,* and oral argument by *F. W. Genrich.*

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

MARSHALL, J.    It is conceded, as the fact is, that—unless suggestions hereafter mentioned should be approved, giving to the words of the written law a different signification than the same words have commonly—the offense with which the accused was charged is the same as the common-law offense of felonious burning of the dwelling house of another, which relates to the security of the habitation of the person characterized as "another" regardless of the location of the title to the property.    The idea is that the structure burned, in any given case, is the property of the person named, as owner to occupy as a dwelling house.    2 Bishop, New Crim. Law, § 12.    So it has been commonly held that one cannot, without some written law to the contrary, be guilty of arson by burning his own dwelling house.    Neither can the wife or husband, because of their legal identity and common occupancy

of the home, be guilty of arson by burning their habitation, regardless of the one in whom the title rests. McClain, Crim. Law, § 521. So it has been supposed to be sufficient, in prosecuting for the serious violation of the home of burning it under circumstances satisfying the essentials of arson, to charge, as regards the property destroyed, that it is the dwelling house of the one who happens to be in possession thereof as a home, and, generally speaking, though the title be in the person who sets the fire, the structure not being his dwelling place. *State v. Fish,* 27 N. J. Law, 323; *Sullivan v. State,* 5 Stew. & P. 175; *Young v. Comm.* 12 Bush, 243; *People v. Wooley,* 44 Cal. 494; *Burger v. State,* 34 Neb. 397, 51 N. W. 1027; *May v. State,* 85 Ala. 14, 5 South. 14; *Avant v. State,* 71 Miss. 78, 13 South. 881. So a person may be charged with being guilty of arson by burning his own house, if it is at the time of the occurrence the home of his tenant instead of himself. Many illustrations might be given, but there is no need thereof.

The assistant attorney general contends that the common-law rule, stated, has been changed by the written law; that the general spirit of our statutes on the subject of felonious burning and other subjects indicates that the legislative purpose was to change the nature of the particular offense to one distinctively against property, instead of against the security of the home. Attention is called to the fact that such offense is classified in the statutes, as it has been from the first, with other burnings of buildings, and criminal violations of property rights, under the head of "Offenses Against Property," and that it is expressly provided now that a lessee or tenant of a dwelling house, who violates his own home by feloniously burning it, is guilty of burning the dwelling house of another. The argument is not without merit, though it is the opinion of the court that the particular invasion of the common-law rule, while retaining the set phrase, "dwelling house of another," indicates a legislative intention to retain the common-law features of arson, except as thus changed.

Counsel for the accused combat the idea that, in general, the nature of the act of felonious burning of the dwelling house of another has been changed by the written law, by pointing to the statute of the state of Michigan, which antedates ours and is substantially the same, word for word, and by which, from the beginning, the particular offense was also classified with offenses against property, and also refers to *Snyder v. People,* 26 Mich. 106, construing such statute and holding the offense to be the same as at common law and that, in harmony therewith, "a husband, living with his wife, and having a rightful possession, lawfully with her, of a dwelling house which she owns and they both occupy," is not capable of committing the crime of arson by burning it. The reasoning in such case seems logical and the result reached sound.

The foregoing conclusion by no means is controlling in favor of the accused on the facts of this case. The basis for the rule, carefully stated by the Michigan court, and by it carefully fenced about, is now absent. In saying this we assume the fact to be, as found by the jury—and upon sufficient evidence, in our opinion, to prevent such finding from now being rightfully disturbed,—that the accused was not living with Mrs. Kopcyznski at the time of the wrongful act; that they were not jointly occupying the home, but that it was occupied solely by her as her habitation and that of her son. As the assistant attorney general suggests, the Michigan court repudiated any intention of holding that under such circumstances the offense would not be arson. It is the opinion of the court that such is the offense. There is no judicial authority to the contrary brought to our attention or which we have been able to discover, nor any reason harmonizing with the logic of the common-law rule as applied to the concurrence of facts to which only it relates.

The result is, in the opinion of the court, a married man can commit the crime of arson by burning the home of his wife with whom he is not living and from which he has been

excluded, or excluded himself, and the question of in whom the title to the property rests, at least unless expressly alleged, is immaterial except as evidentiary, with other circumstances, bearing on the question of dwelling together under the same roof or not, at the time of the wrongful act.

*By the Court.*—Judgment is affirmed.