Shepard Drainage District: Johnson and others, Commissioners, Appellants, vs. Eimerman, Respondent.

*September 18—October 5, 1909.*

*Navigable waters: Rights of the public: Artificial conditions when become natural: Destruction in drainage proceedings.*

1. Evidence, stated in the opinion, *held* sufficient to sustain the finding of the trial court that a pond, created in a nonnavigable creek by the flowage from a dam across such creek, is in fact navigable.

2. The rights of the public in a small body of water, navigable in fact and constituting a public highway, are as much entitled to protection as they would be in a more pretentious watercourse.

3. An artificial condition of navigability of a pond originally created by a dam, becomes, by continuance for twenty years, a natural condition.

4. Sec. 1379—28, Stats. (Laws of 1907, ch. 646), authorizing drainage commissioners to condemn "riparian rights, rights of flowage and water power," does not authorize the destruction of bodies of water navigable in fact.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from an order refusing to confirm the preliminary report of certain drainage commissioners theretofore appointed. The commissioners reported in favor of the creation of a drainage district in the towns of York and Medina in Dane county, Wisconsin. The drainage system recommended by the commissioners contemplated the removal of a dam known as Marshall dam and the destruction of a pond created thereby known as Marshall pond. The circuit court held that the pond created by the flowage of the dam constituted navigable waters of the state and that such waters could not be destroyed under the drainage acts. The commissioners appeal from such order.

For the appellants there was a brief by *Tenney, Hall & Tenney,* attorneys, and a supplemental brief by *Whitehead & Matheson* and *Kearney, Thompson & Myers,* of counsel, and oral argument by *F. W. Hall* and *T. M. Kearney.*

*Elmore T. Elver,* for the respondent.

BARNES, J. The trial court held that Waterloo creek is not in fact navigable, but that the pond therein created by the flowage from the dam sought to be condemned is navigable, and that its navigability could not be destroyed under the powers granted or rights conferred by ch. 419, Laws of 1905, as amended by ch. 646, Laws of 1907. The evidence tended

to show that the milldam in question was built nearly sixty
years ago and has been maintained ever since; that the pond
was about a mile and a half long, and varied in width from a
few feet at the upper end to 200 or 300 feet at the lower end,
and had a depth of eight feet at the dam, which gradually
lessened until it did not exceed two or three feet at its upper
end; that such pond covered about 150 acres; that it was navi-
gated by rowboats; that it was used as a reserve for fire pro-
tection for the village of Marshall; that it furnished the
source of supply of ice for said village and the neighborhood
adjacent thereto; that it was resorted to for fishing, and that
farmers in its immediate vicinity might transport their grists
to the grist mill over the same if they saw fit (although no
evidence was offered to show that they had done so or were
ever likely to do so); and that it was used by the public for
the purposes enumerated.

Slight as is the showing of navigability in this case, still
we think it is sufficient to sustain the finding of the trial
court that this pond is in fact navigable and is water in which
the public has acquired rights, under the repeated decisions of
this court. Indeed, counsel for the appellant did not assert
otherwise on the oral argument. The following cases, among
others which might be cited, define what constitutes the test
of navigability in a stream or body of inland waters: *Whisler
v. Wilkinson,* 22 Wis. 572; *Sellers v. Union L. Co.* 39 Wis.
525; *Olson v. Merrill,* 42 Wis. 203; *A. C. Conn Co. v. Little
Suamico L. Mfg. Co.* 74 Wis. 652, 43 N. W. 660; *Falls Mfg.
Co. v. Oconto River Imp. Co.* 87 Wis. 134, 58 N. W. 257;
*Willow River Club v. Wade,* 100 Wis. 86, 76 N. W. 273;
*In re Horicon D. Dist.* 136 Wis. 227, 116 N. W. 12. It is
true that the body of water found to be navigable in this case
is small, but if it is navigable in fact and constitutes a pub-
lic highway the rights of the public therein are as sacred and
as much entitled to protection as they would be in the case
of a more pretentious watercourse.

The decision of the circuit court holding that the millpond in question is navigable being warranted by the facts shown in evidence, it seems to us that every claim and every contention made by appellants is settled adversely to them by the decision of this court in *In re Horicon D. Dist., supra.* The artificial condition originally created by the dam became by lapse of time a natural condition. *In re Horicon D. Dist., supra; Diana Shooting Club v. Lamoreux,* 114 Wis. 44, 89 N. W. 880; *Pewaukee v. Savoy,* 103 Wis. 271, 79 N. W. 436; *In re Dancy D. Dist.* 129 Wis. 129, 108 N. W. 202; *Smith v. Youmans,* 96 Wis. 103, 70 N. W. 1115; *Mendota Club v. Anderson,* 101 Wis. 479, 78 N. W. 185. In the *Horicon Drainage Case* the court does not decide that the legislature may not authorize the destruction of bodies of water navigable in fact, but it does decide that the act we are considering did not authorize any such destruction, and it is at least strongly intimated in some of the decided cases that such an act could not be upheld. *In re Dancy D. Dist., supra; Priewe v. Wis. S. L. & I. Co.* 93 Wis. 534, 67 N. W. 918. It follows that the order of the circuit court was correct.

*By the Court.*—Order affirmed.