IN RE RUTLAND DRAINAGE DISTRICT: BIXBY, Appellant, vs.
PARISH and others, Respondents.

*February 2—February 20, 1912.*

*Lakes and ponds: Navigability: Legislative declaration: Question of
fact.*

1. The power of the legislature to declare that nonmeandered lakes
   are neither navigable nor public waters, is *doubted.* Assuming
   that it has such power, its intent to destroy the public charac-
   ter of lakes navigable in fact must, to be effective, be expressed
   in plain and unambiguous language and not be left to doubtful
   inference.
2. Sec. 1607*a*, Stats. (1898), providing that lakes which have been
   meandered and returned as navigable by the government sur-
   veyors, and also those which have been meandered and are nav-
   igable in fact, are declared to be navigable and public waters,
   is not to be construed as a declaration that nonmeandered lakes
   are nonnavigable.
3. A nonmeandered lake or pond, if navigable in fact, is a navigable
   and public body of water.
4. The navigability of a nonmeandered lake is in every instance a
   question of fact to be determined from the evidence in each
   particular case.

APPEAL from an order of the circuit court for Dane county:
E. RAY STEVENS, Circuit Judge. *Affirmed.*

This proceeding was brought under our drainage statutes,
ch. 419, Laws of 1905, as amended by ch. 646, Laws of 1907.
The scheme comprehended the draining of a body of water
known as Island Lake in the town of Rutland in Dane county.
Remonstrances against the proposed action were filed by the
respondents, and the circuit court held that Island Lake was
a navigable body of water and could not therefore be inter-
fered with under the drainage laws. The petitioner appeals
from the order of the circuit court. Briefly stated, the evi-
dence tended to show that fifty-odd years ago Island Lake was
a body of water about a mile long and three quarters of a mile
wide and that its extreme depth was about twelve feet; that

there were fish in the lake at one time; that there were a number of small boats on the lake, used mostly for hunting purposes; and that the lake had a well defined shore line. Through evaporation and other causes, the volume of water has greatly decreased, so that the open water area does not exceed thirty or thirty-five acres, and the depth of the water at an ordinary stage does not exceed six and one-half feet. At high water the lake is still a mile long and three quarters of a mile wide. Outside of the open water grass and weeds have grown up and there is some floating bog. Where the open water exists the bottom is sandy and gravelly. It is conceded that skiffs and rowboats can navigate this lake, but that the only purpose for which it is navigated at the present time is hunting. The ground is marshy between the hard land and the open water, and access to such water is difficult from most points around the lake. There is no public highway leading thereto, and the lake was neither meandered nor returned as being navigable in fact by the government surveyors, and has no inlet or outlet.

For the appellant there was a brief by *Gilbert, Jackson & Ela,* and oral argument by *F. L. Gilbert* and *Emerson Ela.* They cited and commented upon the following authorities: *Delaplaine v. C. & N. W. R. Co.* 42 Wis. 214; *Boorman v. Sunnuchs,* 42 Wis. 233; *Diedrich v. N. W. U. R. Co.* 42 Wis. 248; *Mariner v. Schulte,* 13 Wis. 692; *Smith v. Youmans,* 96 Wis. 103, 70 N. W. 1115; *Ne-pee-nauk Club v. Wilson,* 96 Wis. 290, 71 N. W. 661; *Mendota Club v. Anderson,* 101 Wis. 479, 78 N. W. 185; *Pewaukee v. Savoy,* 103 Wis. 271, 79 N. W. 436; *Priewe v. Wis. S. L. & I. Co.* 103 Wis. 537, 79 N. W. 780; *McLennan v. Prentice,* 85 Wis. 427, 442–445, 55 N. W. 764; *Att'y Gen. ex rel. Askew v. Smith,* 109 Wis. 532, 85 N. W. 512; *Ill. S. Co. v. Bilot,* 109 Wis. 418, 84 N. W. 855, 85 N. W. 402; *Rossmiller v. State,* 114 Wis. 169, 89 N. W. 839; *Diana S. Club v. Lamoreux,* 114 Wis. 44, 54, 89 N. W. 880; *In re Dancy D. Dist.* 129 Wis. 129,

132, 108 N. W. 202; *In re Horicon D. Dist.* 136 Wis. 227, 116 N. W. 12; *Johnson v. Eimerman,* 140 Wis. 327, 122 N. W. 775; 1 Farnham, Waters & Water Rights, pp. 100, 101, 165, 265, 269; 18 Am. & Eng. Ency. of Law (2d ed.) 132; *Hardin v. Jordan,* 140 U. S. 371, 11 Sup. Ct. 808, 838; *Gouverneur v. Nat. Ice Co.* 134 N. Y. 355, 31 N. E. 865, 18 L. R. A. 695, and note; *Hardin v. Shedd,* 177 Ill. 123, 52 N. E. 380; sec. 1597, Stats. (1898).

For the respondents there was a brief signed by *Clancey & Loverud,* and by *Rufus B. Smith* for the respondent *Olamp Gavoille,* and oral argument by *J. M. Clancey.* They cited *Whisler v. Wilkinson,* 22 Wis. 572; *Sellers v. Union L. Co.* 39 Wis. 525; *A. C. Conn Co. v. Little Suamico L. Mfg. Co.* 74 Wis. 652, 665, 43 N. W. 367; *Olson v. Merrill,* 42 Wis. 203; *Falls Mfg. Co. v. Oconto River Imp. Co.* 87 Wis. 134, 149, 58 N. W. 257; *Willow River Club v. Wade,* 100 Wis. 86, 76 N. W. 273; *In re Horicon D. Dist.* 136 Wis. 227, 116 N. W. 12; *Johnson v. Eimerman,* 140 Wis. 327, 122 N. W. 775; *Diedrich v. N. W. U. R. Co.* 42 Wis. 248, 263; *Walker v. Board of Public Works,* 16 Ohio, 540; 29 Cyc. 293; *Leihy v. Ashland L. Co.* 49 Wis. 165, 5 N. W. 471; *Ill. S. Co. v. Bilot,* 109 Wis. 418, 426, 84 N. W. 855, 85 N. W. 402; *Nepee-nauk Club v. Wilson,* 96 Wis. 290, 295, 71 N. W. 661.

BARNES, J.   Sec. 1607a, Stats. (1898), provides that lakes which have been meandered and returned as navigable by the government surveyors, and also those which have been meandered and are navigable in fact, are declared to be navigable and public waters. Appellant contends that the maxim *enumeratio unius est exclusio alterius* should apply to this section, and that we have in effect a legislative declaration that nonmeandered lakes are neither navigable nor public waters. The power of the legislature to make such a declaration is, to say the least, a matter of grave doubt.   *Priewe v. Wis. S. L. & I. Co.* 93 Wis. 534, 67 N. W. 918; *In re Horicon D. Dist.*

136 Wis. 227, 116 N. W. 12; *In re Dancy D. Dist.* 129 Wis.
129, 108 N. W. 202.    This court has said that if the legisla-
ture has power in any case to authorize commissioners in
drainage proceedings to appropriate or impair navigable wa-
ters, "the authority must be conferred in the most plain and
unambiguous terms." *In re Horicon D. Dist.* 136 Wis. 227,
234, 116 N. W. 12; *Winchell v. Waukesha,* 110 Wis. 101,
108, 85 N. W. 668.    By analogy, it should be said that any
intent on the part of the legislature to destroy the public char-
acter of lakes navigable in fact must be expressed in plain and
unambiguous language and not be left to doubtful inference.
It is altogether improbable that the legislature intended to
declare nonmeandered lakes nonnavigable.    What is now
sec. 1607*a* was first enacted as ch. 328, Laws of 1895.

Sec. 1607, Stats. (1898), provides: "The following rivers,
having been heretofore so declared by acts of the legislature,
are hereby declared to be navigable to the extent thereof,
stated respectively, as follows."    Then follows an enumera-
tion of twenty-two streams, coupled with a description of the
portions of each declared navigable.    It would not be claimed
that the effect of this statute was to declare all streams not
therein named nonnavigable, and neither could it be success-
fully contended that the effect thereof was to determine that
all of the streams named in said section were nonnavigable
except as to the portions declared to be navigable.    This court
has held in a long line of cases that any watercourse which is
navigable in fact is a navigable stream, regardless of the fact
that it is not meandered or declared to be navigable by legis-
lative action.    *Whisler v. Wilkinson,* 22 Wis. 572; *Sellers v.
Union L. Co.* 39 Wis. 525; *A. C. Conn Co. v. Little Suamico
L. Mfg. Co.* 74 Wis. 652, 655, 43 N. W. 367; *Falls Mfg. Co.
v. Oconto River Imp. Co.* 87 Wis. 134, 149, 58 N. W. 257;
*Willow River Club v. Wade,* 100 Wis. 86, 76 N. W. 273;
*Diedrich v. N. W. U. R. Co.* 42 Wis. 248, 263; *In re Horicon*

*D. Dist.* 136 Wis. 227, 116 N. W. 12; *Johnson v. Eimerman,* 140 Wis. 327, 122 N. W. 775.

Sec. 1607 was incorporated in the Revision of 1878 and was a codification of a large number of independent statutes. We must presume that the legislature was advised of the decisions of this court defining what were navigable waters, after sec. 1607 was enacted, and that it did not anticipate that any construction would be placed on sec. 1607a different from that which had in effect been placed on sec. 1607. These statutes would seem to be *in pari materia,* and if sec. 1607 is construed as not excluding everything that is not included, sec. 1607a should be construed likewise. We have had a number of decisions dealing with the navigability of inland lakes, and the same test has been applied as in the case of streams—that of navigability in fact. *Priewe v. Wis. S. L. & I. Co.* 93 Wis. 534, 67 N. W. 918; *S. C.* 103 Wis. 537, 79 N. W. 780; *Ill. S. Co. v. Bilot,* 109 Wis. 418, 426, 84 N. W. 855, 85 N. W. 402.

It is true that in these cases the lakes involved were meandered, but no great significance was attached to this fact, and it is difficult to see wherein it was of much significance, at least before the passage of sec. 1607a. In *Johnson v. Eimerman, supra,* the pond over which the controversy arose was created by damming a nonnavigable and nonmeandered creek, and it was held that the pond so created was a navigable body of water. So, too, a pond created by a dam placed in the Rock river was held navigable though not meandered. *In re Horicon D. Dist., supra.* In each of these cases it was said that the artificial condition existed for such a length of time that in a legal sense it became a natural condition. So, in these two cases decided since the enactment of sec. 1607a, the court has held that a nonmeandered lake or pond, if navigable in fact, is a navigable and public body of water. Whether a law is wise or unwise does not concern this court

any more than it does a private individual, so long as it is constitutional. But the legislature has made no affirmative declaration in sec. 1607a that all nonmeandered lakes are nonnavigable, and in determining whether or not the legislature intended that the act should be so construed we may consider the consequences which would flow from the construction adopted. In a case of doubt or ambiguity we should be slow to adopt a construction whereby we found that the legislature intended to surrender valuable public rights, assuming that it had power to do so. It may be said to be a matter of common knowledge that many insignificant bodies of water have been meandered, while other much larger and more important ones have not been. In a timbered country a lake of considerable size that did not come reasonably near to the exterior boundary lines of a section might entirely escape the observation of a government surveyor, and it is not probable that the legislature intended to place such implicit reliance on the judgment, whim, or caprice of such an employee as to make it the basis of depriving the public of the benefit of lakes navigable in fact, if the surveyor for any reason concluded that they should not be meandered. For the reasons stated we conclude that the fact that a lake is not meandered does not render it *ipso facto* nonnavigable. Its navigability in every instance is a question of fact to be determined from the evidence in each particular case. The evidence in this case is sufficient to sustain the finding of the circuit judge. Counsel for appellant practically concede this to be true if their construction of sec. 1607a is rejected.

*By the Court.*—Order affirmed.