Boardman, Plaintiff in error, vs. The State, Defendant in error.

*November 14—December 9, 1930.*

For the plaintiff in error there was a brief by *Graves & Earll* of Prairie du Chien, and oral argument by *J. S. Earll.*

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

OWEN, J. The plaintiff in error (hereinafter called the defendant) was convicted of the crime of arson. He was charged with having burned a building commonly called a fishing shack. The building was of small dimensions, being variously estimated by different witnesses to have been from 10 x 12 feet to 12 x 18 feet. It was built of rough boards and lined with building paper. It had a window on one side and at the time it was burned had a door. It was equipped with a cot and an old kitchen stove. During the summer months the defendant lived in this building during a considerable portion of the time. It was unfit for occupancy in cold weather.

The information contained two counts, the first count charging defendant with burning a dwelling house, and the second charging the burning of a building not a parcel of a dwelling house. The court ruled that the building burned was not a dwelling house, and submitted only the second count to the jury, upon which the defendant was convicted.

Sec. 343.02, Stats., provides:

"Any person who wilfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any barn, stable, garage or other building, owned by himself or another, not a parcel of a dwelling house; or any shop, storehouse, warehouse, factory, mill or other building, owned by himself or another; or any church, meeting-house, courthouse, workhouse, school, jail or other public building or any public bridge; shall, upon conviction thereof, be punished by imprisonment in the state prison for not less than one year nor more than ten years."

Defendant contends that the burning of the fishing shack did not constitute an offense under this section. It will be noticed that the section groups three classes of buildings. The first is "any barn, stable, garage or other building . . . not a parcel of a dwelling house;" the second is "any shop, storehouse, warehouse, factory, mill or other building owned by himself or another;" and the third relates to buildings with which we are not concerned. It is said that neither the first nor the second group can include a fishing shack, for the reason that the terms "other building" following those specifically designated in each group must, by the application of the rule of *noscitur a sociis*, be limited to buildings similar to the ones specifically described in each group; that the fishing shack is not similar to a barn, stable, or garage, nor is it similar to a shop, storehouse, warehouse, factory, or mill, hence it is not included within our statutes relating to arson, as the only other statute which proscribes the burning of buildings is sec. 343.01, which relates to dwelling houses and "any kitchen, shop, barn, stable or other outhouse that is parcel thereof."

The question is whether the doctrine of *noscitur a sociis* should be applied to the phrase "other building" as used in sec. 343.02. If the doctrine should be so applied, it would no doubt exclude the fishing shack here in question. But the same construction would also exclude a bank, store, hotel, depot, club-house, and many other buildings which might be mentioned. That the legislature did not intend to punish as for arson the burning of such buildings is a rather shocking suggestion, and no court should so construe these statutes unless compelled by the plainest language. The doctrine of *noscitur a sociis* is a rule of statutory construction which is sometimes applied to restrict general descriptive language to the same class, family, or gender indicated by particular words with which it is immediately preceded or characterizing the context in which the general language is found.

This rule, however, is not always to be applied. As said by Mr. Justice MITCHELL in *Benson v. Chicago, St. P., M. & O. R. Co.* 75 Minn. 163, 77 N. W. 798:

"A court has no right to resort to the maxims of *noscitur a sociis* or *ejusdem generis* for the purpose of reading into a statute a distinction which the legislature neither made nor intended to make. These rules are not the masters of the courts, but merely their servants, to aid them in ascertaining the legislative intent. They afford a mere suggestion to the judicial mind that, where it clearly appears that the lawmakers were thinking of a particular class of persons or objects, their words of more general description may not have been intended to embrace any other than those within the class."

In determining whether or not the legislature intended that an act should be construed in a certain way, consequences which follow from such a construction may be considered (*In re Rutland Drainage District,* 148 Wis. 421, 134 N. W. 838), and when the consequences that would flow from the construction of this statute for which defendant contends are considered, it must appear at once that the legislature intended no such result, and the phrase "other building" used in sec. 343.02 must be given its literal meaning. As so construed it means any other building whether it belongs to the same class therein described or not. Because the application of the doctrine of *ejusdem generis* would have defeated the otherwise apparent intention of the legislature, it was not applied in *Koepp v. National E. & S. Co.* 151 Wis. 302, 139 N. W. 179; *Kosidowski v. Milwaukee,* 152 Wis. 223, 139 N. W. 187; *Schmidt v. State,* 159 Wis. 15, 149 N. W. 388, thus tacitly recognizing the truth of the statement of Mr. Justice MITCHELL hereinbefore quoted that such rules are servants rather than masters of the court.

The information charged that the building burned was the property of Mrs. Mattie Lewis. Defendant contends

that the evidence fails to show that it was the property of Mrs. Mattie Lewis, but that, on the contrary, the testimony of Mrs. Lewis shows that it was the property of the defendant. This is utterly immaterial, as the statute makes the burning of the building an offense whether it was owned by the defendant or another. The only purpose of alleging in the information that the building was the property of Mrs. Mattie Lewis was that of identification, so as to apprise the defendant of the offense of which he was really charged. The record discloses no suggestion that the defendant was misled by the allegation, and the variance between the allegation and the proof constitutes no ground for reversal—if in fact there be such a variance. *Kopcyznski v. State,* 137 Wis. 358, 118 N. W. 863.

It is further contended by the defendant that the proof fails to establish an offense because it was not proved that the value of the property exceeded $25. This contention is based on sec. 343.03 of the Statutes, which proscribes the burning of personal property of the value of $25 or more. It is said that the building burned was not of the value of $25, and the provisions of sec. 343.03 indicate a legislative intent that in order to constitute the crime of arson the property burned must be of the value of $25. We are not impressed with this contention. The legislature evidently assumed that any building must be of greater value than $25, or perhaps the burning of any building no matter what its value was of a more serious nature than the burning of mere personal property. At any rate, we construe the statute as penalizing the burning of any building no matter what its value.

*By the Court.*—Judgment affirmed.