CITY OF NEENAH, Respondent, vs. KRUEGER, Appellant.

*December 8, 1931—January 12, 1932.*

For the appellant there was a brief by *Velte & Molzow* of Neenah, and oral argument by *Chas. H. Velte*.

*John W. O'Leary,* city attorney of Neenah, for the respondent.

ROSENBERRY, C. J. The defendant was found guilty of violation of sec. 2 of ordinance 341, vol. 3. Secs. 1 and 2 are printed in the margin.[1]

The case was tried before the court without a jury. After the evidence was all in and the court had the matter under advisement, it held that "sec. 1 of the ordinance deals with a class of acts tending to a considerable obstruction or incumbrance of the streets but having a claim to be permitted by reason of some degree of general necessity, to determine which the ordinance requires a permit from the board of public works, which when given may in proper cases prescribe the extent, the terms, and conditions on which the privilege sought for will be granted."

This would include such cases as obstructions required in the construction, repair, or demolition of buildings or other like operations. The court was of the view that the acts complained of in this case not being of the kind prohibited by sec. 1, fell under sec. 2 of the ordinance for the reason that that section prohibits the obstruction or incumbering of the street in any manner. The court thereupon directed the

---

[1] Section 1. It shall be unlawful for any person, without the permit required by the ordinances and regulations of the city of Neenah, to dig or remove any dirt or other material from or on any street or alley, or any part thereof, in the city of Neenah; or to incumber or obstruct any street or alley, or any part thereof, by placing, or causing to be placed thereon, any dirt, rubbish, timber, or building material or any other material or substance whatever.

Section 2. It shall be unlawful for any person to dump, or in any manner place or deposit any ashes, refuse, dirt or other substance on any street, alley or gutter within the city of Neenah; or to in any manner impede, hinder or obstruct the flow of water in or along any such gutter, or in any manner to obstruct or incumber any such street, alley or gutter, or maintain or permit any such obstruction to remain in any such street, alley or gutter, in said city.

complaint to be amended by charging violation of sec. 2 instead of sec. 1. The defendant alleges that the granting of this amendment was error.

Under the circumstances of this case, being a trial by the court, there being no substantial dispute upon the facts, all of the evidence upon any theory being before the court, it is considered that it was well within the discretion of the court to direct that the pleading be amended accordingly. We shall not discuss and do not determine whether or not under the evidence the prosecution might have been maintained under sec. 1. It is manifest that to some extent the sections are overlapping. In the course of its opinion the court said:. "The entire ordinance was received in evidence without objections," and apparently made this the basis of the allowance of the amendment. This is criticised for the reason that, the prosecution having been begun in the municipal court, that court was required to take judicial notice of the ordinance in question and it was therefore not necessary to offer it in evidence. A fair reading of the decision of the trial court. makes it plain that the amendment was allowed pursuant to the provisions of secs. 263.29 and 269.44, Stats. 1929, and was not made because of the admission of the ordinance in evidence without objection. The court said:

"It would seem to be an unwarrantable and unjustifiable straining of the rules of practice to require a dismissal of this case, in view of the conclusions reached; because of this unimportant variance, and compel a new action to be brought on a complaint simply changed to allege a violation of sec. 2."

This is an action to recover a penalty, and much is said about its being a quasi-criminal action. Under the statutes of this state, actions are of two kinds—civil and criminal. A criminal action is defined as one prosecuted by the state against a person charged with a public offense for the punishment thereof. Every other action is a civil action. There can be no doubt, therefore, that this action is a civil action

and that the rules of pleading and practice applicable to civil actions apply to this action. Our statutes contain very liberal provisions for the amendment of pleadings in civil actions and we think quite properly and justly so. There is no reason either in law or morals in cases of this kind why blind adherence to obsolete rules of practice should result in a reversal of a judgment and the remission of the case for a new trial solely for the purpose of amending the complaint, even though the defendant would secure a new trial as a result. The case was fully tried upon the very issue of fact which would be tried if the complaint were amended. We concur fully in the views of the trial court, and it is considered that the amendment was properly allowed although made upon the court's own motion.

It is urged that the ordinance does not apply to merchandise. The law recognizes that the owner of property, even though it be situated upon a public street, has a right of ingress and egress to and from his premises. However this right is, in common with most other rights, subject to reasonable regulations in the public interest and for the promotion of public convenience and safety. The difficulty arises when an attempt is made to determine what is reasonable and what is unreasonable. If the defendant had deposited one washing machine in front of his premises and it had been there fifteen minutes while he went to get a truck to haul it into the store and he had been prosecuted on those facts for a violation of the ordinance and convicted, no one would have any hesitation in saying he had been deprived of the reasonable use of his property. On the other hand, if he had deposited five hundred or a thousand washing machines in front of his premises and left them there for two or three days, it would be equally easy to say that such use of the premises was unreasonable. Supposing that there is a line which divides the reasonable from the unreasonable,

on which side of that line does the situation disclosed by the evidence in this case fall? In its opinion the court said:

"Unless the rule of law requiring all ordinances to be reasonably construed exempts such acts as were done by defendant, those acts are manifestly made unlawful by sec. 2 of the ordinance. The court concludes that such rule of reason does not exempt them. The obstruction continued for the better part of a business day on the busiest business street in the city and only about 200 feet from one of the busiest corners. The crates occupied in length all of the space in front of two large stores except a passageway for one person, and in width at least two feet. Had a fire broken out in that vicinity it is obvious that these crates would have been a serious hindrance to the operations of the fire department. The obstruction, therefore, was neither inconsiderable in duration nor as to space incumbered in view of the character of the location. . . . Neither do the special circumstances relied on by defendant as justifying the incumbrance in this instance furnish a legitimate excuse. . . . It is not perceived how the fact that defendant's warehouse happened to be out of repair just at that time or that the machines arrived unexpectedly can make any difference. If they could, a great number and variety of unforeseeable and accidental circumstances never contemplated by the city when enacting this ordinance would prove obstacles to its enforcement."

The court manifestly had in its mind the correct rule of law and it is considered that it correctly applied it to the facts in this case. Nothing in the evidence impugns the good faith of the defendant. This is apparently a *bona fide* effort to ascertain the extent of the regulatory power which the common council of the city of Neenah may exercise in cases of this kind. It is considered that the prohibition of such extensive and long continued obstructions to the street cannot be deemed as an unreasonable exercise of the police power.

It is further contended by the defendant that the placing of washing machines in the street is not forbidden by the ordinance, washing machines not being of the same class as ashes, refuse, or dirt, things specifically named in the ordinance, and he invokes the rule *noscitur a sociis*. For the reasons stated in *Boardman v. State,* 203 Wis. 173, 233 N. W. 556, it is considered that that doctrine should not be applied under the facts of this case. What the common council of the city of Neenah was attempting to do was to prevent an obstruction of the streets. It enumerated some objects which are most commonly found deposited in streets and then provided "no other substance should be deposited in the street nor should the street be obstructed or incumbered in any other manner." The doctrine of *noscitur a sociis* may not be so applied as to render general words used in a legislative enactment meaningless. *Mason v. U. S.* 260 U. S. 545, 43 Sup. Ct. 200.

*By the Court.*—Judgment affirmed.

