SAUK COUNTY, Respondent, v. SCHMITZ, Appellant.

*January 9—February 7, 1961.*

For the appellant there was a brief by *Hill, Miller & Quale* of Baraboo, and oral argument by *James H. Hill, Jr.*

For the respondent there was a brief and oral argument by *James R. Seering,* district attorney.

FAIRCHILD, J. This is a civil action to recover a forfeiture.[1] Although begun by affidavit and warrant before a justice of the peace, the county court was required, after transfer, to proceed under the act granting that court civil jurisdiction and not as a justice court.[2]

Sec. 269.44, Stats., is applicable to civil actions in courts of record, and provides:

"AMENDMENTS OF PROCESSES, PLEADINGS, AND PROCEEDINGS. The court may, at any stage of any action or special proceeding before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process, pleading or proceeding, nothwithstanding [sic] it may change the action from one at law to one in equity, or from one on contract to one in tort, or vice versa; provided, the amended pleading states a cause of action arising out of the contract, transaction, or occurrence or is connected with the subject of the action upon which the original pleading is based."

[1] Sec. 288.10, Stats.
[2] Sec. 281–13, 44 W. S. A., p. 378; ch. 182, Laws of 1951.

This court has held that sec. 269.44, Stats., allows amendments in civil actions like the present one in which a forfeiture is sought for violation of a municipal or county ordinance.[3]

We gather from the record and the county court's comments that defendant's admitted speed of 55 to 60 miles per hour before Mrs. Shepard's car became apparent was a reasonable speed; that the county court was of the opinion that if defendant failed to apply his brakes soon enough to stay safely behind Mrs. Shepard, such failure to reduce speed was momentary and not a violation of sec. 346.57 (2), Stats., as charged;[4] that any emergency with which defendant was confronted was at least in part the result of his own delay in reducing his speed, and that the only lawful courses under the circumstances were either to stay behind Mrs. Shepard, or pass to the left. If failure to apply his brakes put him in a situation where he was forced to pass to the right to avoid a collision, he could not claim that he was excused or justified in doing so. The trial court appears to have believed also that the defendant could safely have passed to the left.

The original charge, while it did not specify a violation of the ordinance requiring passing to the left, did compel inquiry into the defendant's speed, and all the circumstances and results thereof which might lead to a determination that it was unreasonable or hazardous. At the trial, there was full examination of the circumstances, and the defendant appears to have given all the explanation he had. The county court said it could not conceive of any additional facts that could change the picture, and none occur to us.

---

[3] *Neenah v. Krueger* (1932), 206 Wis. 473, 240 N. W. 402.

[4] Note, however, the second sentence of sec. 346.57(2), Stats., not included in the charge in the original affidavit, as follows: "The speed of a vehicle shall be so controlled as may be necessary to avoid colliding with any object, person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and using due care."

When the court reached the conclusion that the violation proved was different from the violation charged, it could have foreclosed all question by offering defendant the opportunity to present additional evidence. The defendant did not request such opportunity, however, and we do not consider that the court abused its discretion. ,

*By the Court.*—Judgment affirmed.