CITY OF MILWAUKEE, Respondent, v. WUKY, Appellant. SAME, Respondent, v. WERNER, Appellant.

*February 2—March 2, 1965.*

For the appellants there was a brief and oral argument by *Michael D. Preston* of Milwaukee.

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Patrick J. Madden,* assistant city attorney, and oral argument by *Mr. Madden.*

HEFFERNAN, J. After a jury finding of guilty, judgments were entered against each of the defendants. By such judgments, they were each fined $50 and costs, and, in the event of a failure to pay, the judgments further provided for imprisonment not to exceed thirty days. The costs were to be assessed equally against each of the two defendants, and such sum included $150 toward jury fees as to each defendant. There are three separate questions for review presented by the appeal.

*Amendment of Charge.*

As authority for its right to have amended the complaint at the end of the trial to charge a violation of a different

ordinance from that which was originally alleged, the trial court expressly relied upon *Sauk County v. Schmitz* (1961), 12 Wis. (2d) 382, 386, 387, 107 N. W. (2d) 456. In that case, the defendant in a forfeiture action was charged with violating a county ordinance relative to speed. Testimony was received during the trial which described both the defendant's speed and his overtaking and passing another vehicle on the right. At the conclusion of the trial, the court decided that the speeding offense had not been proved but that an improper passing violation had been established.

Upon the appeal of the *Sauk County Case,* this court affirmed the judgment, saying, at page 386:

"The original charge, while it did not specify a violation of the ordinance requiring passing to the left, did compel inquiry into the defendant's speed, and all the circumstances and results thereof which might lead to a determination that it was unreasonable or hazardous. At the trial, there was full examination of the circumstances, and the defendant appears to have given all the explanation he had. The county court said it could not conceive of any additional facts that could change the picture, and none occur to us.

"When the court reached the conclusion that the violation proved was different from the violation charged, it could have foreclosed all question by offering defendant the opportunity to present additional evidence. The defendant did not request such opportunity, however, and we do not consider that the court abused its discretion."

Similarly, in the case at bar, the evidence offered by the city of Milwaukee to prove a violation of ordinance sec. 107–5 incorporated a full inquiry into the defendants' conduct under ordinance sec. 90–21. The former ordinance fines a person who *induces* another to believe that he will receive money or other consideration in contests of skill; the latter ordinance fines a person who is the keeper of any place where liquor or malt beverages are sold if he permits any gambling or gaming on his premises.

In our opinion, the trial brought forth the facts and circumstances relevant to both ordinances. Neither in his brief nor upon oral argument did defendants' counsel show how he might have defended against the second charge in any other manner than he did against the original one. No new element was introduced by the amendment, and the claim of surprise is not well founded.

Mr. Werner, in his testimony, explained the payment of the $3 by saying that he was frightened by the size of the four officers and that he was returning to them the amount of money that they had inserted in the machine. He denied that the machine gave a payoff. These contentions raised factual issues which, if believed by the jury, would have constituted grounds for acquittal under the amended charge.

In *Girtz v. Oman* (1963), 21 Wis. (2d) 504, 509, 510, 124 N. W. (2d) 586, we discussed the wide discretion possessed by the trial court to amend pleadings in a civil action under sec. 269.44, Stats. See also *Dunham v. Howard Industries, Inc.* (1948), 253 Wis. 347, 360, 34 N. W. (2d) 140. In our opinion, the trial court did not abuse its discretion under the facts of the instant case in amending the pleadings at the end of the trial in this forfeiture action. *Sauk County v. Schmitz, supra; Neenah v. Krueger* (1932), 206 Wis. 473, 240 N. W. 402.

The defendants have failed to demonstrate that they were harmed or prejudiced in any way by the amendment of the charge. However, it would have been appropriate for the trial court, upon amending the charge, to have offered both sides an opportunity to submit additional evidence, as was suggested in the *Sauk County Case*.

The city has also challenged the court's amendment of the charge. The respondent's position is that it was entitled to a directed verdict of guilty as to each defendant on the original charge.

The evidence establishes that the officers used the device in question because of reports they had received which claimed that a gambling device was in use at the Holiday Bowl. Under the terms of the ordinance with which the defendants were originally charged, the use of the device must be induced by the belief that the player will receive money or other consideration. The trial court may have concluded that the element of inducement was not established so as to permit a finding of guilty under the original charge.

There was nothing apparent to a player who was unfamiliar with the machine that consideration could be obtained by playing it; the officers commenced playing (or were "induced" to play) before they learned that a higher score could be attained by pushing a certain button on the machine. See *Milwaukee v. Milwaukee Amusement, Inc.* (1964), 22 Wis. (2d) 240, 125 N. W. (2d) 625.

### Right to a Special Verdict.

A timely request for a special verdict was made by the defendant Werner pursuant to sec. 270.27, Stats. The request was made prior to the introduction of any evidence on behalf of such defendant. If sec. 270.27 applies, the court was obliged to have employed a special verdict in this case. *State ex rel. Milwaukee v. Circuit Court* (1958), 3 Wis. (2d) 439, 445, 88 N. W. (2d) 339. The question which we must decide is whether a forfeiture proceeding is to be treated as a civil action for the purposes of sec. 270.27.

A forfeiture action on behalf of a municipality is a hybrid proceeding. We have observed earlier in this opinion that it is considered a civil action under *Sauk County v. Schmitz, supra,* in determining the court's authority to amend the charge under sec. 269.44, Stats. Other cases in which a forfeiture action has been deemed a civil one are *Milwaukee*

*v. Antczak* (1964), 24 Wis. (2d) 480, 129 N. W. (2d) 125, and *Milwaukee v. Bub* (1962), 18 Wis. (2d) 216, 118 N. W. (2d) 123. See also *Milwaukee v. Johnson* (1927), 192 Wis. 585, 213 N. W. 335.

Notwithstanding the fact that an action to collect a forfeiture has many aspects in which it is deemed a civil action, we believe that, so far as the right to a special verdict is concerned, the criminal practice prevails. We base this in large measure upon sec. 66.12, Stats., which provides for the procedure in forfeiture proceedings. In that section, the legislature has adopted many aspects of criminal procedure in forfeiture actions. For example, they are "to be commenced by warrant or summons;" the provisions of sec. 954.034 "pertaining to bail upon arrest shall apply to such actions." Significantly, sec. 66.12 (1) (a) expressly provides:

"In all actions hereunder the defendant's plea shall be guilty, not guilty or nolo contendere and shall be entered as not guilty on failure to plead, which plea of not guilty shall put all matters in such case at issue, any other provision of law notwithstanding."

In sec. 66.12 (1) (b), Stats., there are provisions for the stipulation of guilt. In sec. 66.12 (1) (c), the statute makes a provision for judgment "in case of conviction."

It is apparent from an examination of sec. 66.12 (1), Stats., that it is an oversimplification to treat forfeiture actions as purely civil in nature. They also have many characteristics of a criminal case, and, in our judgment, the right to a special verdict is not to be deemed applicable. The submission of a verdict which inquires as to the defendant's being guilty or not guilty is an appropriate means of obtaining the jury's decision upon a denial of guilt.

*Taxation of Jury Costs.*

It was error to assess the sum of $300 jury fees against the defendants. In *Milwaukee v. Milwaukee Amusement, Inc., supra,* at page 256, we determined that there was no provision "which would permit the taxation as costs in this action of the juror fees of a 12-man jury." That portion of the judgment in the aforesaid case which taxed the defendant the sum of $450 for jury fees was ordered eliminated. It should be noted that the decision in that case was handed down on January 7, 1964, which date was subsequent to the judgments entered in the case at bar.

*By the Court.*—The judgments are modified by eliminating from the costs taxed against each defendant the sum of $150 for jury fees; as so modified, the judgments are affirmed. Neither party shall tax costs on this appeal.