STATE of Wisconsin, Respondent,

v.

Rodney E. PETERSON, Appellant.†

Court of Appeals

*No. 80–1892. Submitted on briefs January 13, 1981.—Decided April 7, 1981.*
(Also reported in 306 N.W.2d 263.)

† Petition to review granted.

For the appellant the cause was submitted on the briefs of *Larry A. Haukom, Bruce A. Pagel* and *Haukom & Ritchie* of Madison.

For the respondent the cause was submitted on the brief of *Roberta Klein,* law intern, supervised by *Stephen E. Bablitch,* assistant district attorney, Madison.

Before Donlin, P.J., Foley, J., and Dean, J.

FOLEY, J.    Rodney Peterson appeals from a judgment convicting him of deviating from a traffic lane, sec. 346.13(1), Stats., which followed his trial on a charge of inattentive driving, sec. 346.89(1), Stats. After taking testimony and hearing the arguments of counsel, the trial court, on its own motion, amended the charge. Peterson claims that because sec. 346.13(1) carries a greater penalty,[2] the amendment was improper. Because we conclude that the amendment is permitted by sec. 802.09 (2), Stats., and because Peterson was afforded a full and fair hearing, we affirm.

[2] The greater penalty results from the point assessment by the Division of Motor Vehicles, which we frankly consider incongruous. The legislature has provided for a forfeiture of $20 to $400 for inattentive driving in violation of §346.89(1), Stats. Section 346.95(2), Stats. By Division of Motor Vehicle rule, §346.-89(1) carries a 3-point assessment. Wis. Adm. Code, §MVD 11.03 (13). The legislature has provided for a forfeiture of $20 to $40 for a first lane deviation offense in violation of §346.13(1), Stats. Section 346.17(1), Stats. The Division of Motor Vehicles, however, assesses 4 points for this violation. Wis. Adm. Code, §MVD 11.03(16)(c).

Section 802.09(2), governing amendment of pleadings in civil actions, authorizes the amendment in this case. By sec. 345.20(2), Stats., the trial of forfeiture actions for traffic violations is governed by secs. 345.21 to 345.-53, Stats. If these sections do not provide a specific procedure, ch. 799 procedures apply. *See also* sec. 799.01 (2), Stats. Section 799.04(1), Stats., requires application of the general rules of procedure in chs. 801 to 847 unless other procedures are specifically required in ch. 799. Chapter 799 makes no provision for amendment of a traffic citation. We therefore look to chs. 801 to 847, particularly to the provisions of sec. 802.09(2). Section 802.09(2) allows amendment of pleadings to conform to the evidence at any time, even after judgment. As the uniform traffic citation may be used as the initial pleading in the trial of forfeiture actions, sec. 345.40, Stats., it is a pleading and may be amended.

The rule allowing amendment of charges in forfeiture actions after the case has been presented has been approved by the Wisconsin Supreme Court in *County of Sauk v. Schmitz,* 12 Wis.2d 382, 386, 107 N.W.2d 456, 458 (1961) and *City of Milwaukee v. Wuky,* 26 Wis.2d 555, 558–59, 133 N.W.2d 356, 359 (1965). The rule is consistent with the philosophy that forfeiture actions are essentially civil in nature. *See City of Neenah v. Alsteen,* 30 Wis.2d 596, 599, 142 N.W.2d 232, 235 (1966). Peterson claims, however, that the amendment denied him fundamental fairness and procedural due process because he was not given notice of the violation for which he was ultimately found guilty. He claims that the lack of notice denied him a meaningful opportunity to be heard on the charge.

We agree with Peterson that he is entitled to procedural due process when charged with a traffic offense. In Wisconsin, a conviction of a traffic offense can lead to

revocation of a driver's license. *See Best v. State Department of Transportation,* 99 Wis.2d 495, 500, 299 N.W.2d 604, 607 (Ct. App. 1980). The United States Supreme Court has held that a driver's license is a property interest entitled to protection under the due process clause of the fourteenth amendment. *Mackey v. Montrym,* 443 U.S. 1, 11 (1979) ; *Bell v. Burson,* 402 U.S. 535, 539 (1971). The state may therefore not suspend a driver's license without affording the license holder appropriate due process protection. *Dixon v. Love,* 431 U.S. 105, 112 (1977).

Due process of law contemplates fundamental fairness. *Riemer v. Riemer,* 85 Wis.2d 375, 377, 270 N.W.2d 93, 95 (Ct. App. 1978). It requires that a person whose property interests are affected have both notice of the charge against him and an opportunity to meet the charge. *Mathews v. Eldredge,* 424 U.S. 319, 348 (1976). The purpose of notice under the due process clause is to apprise the affected individual of and permit adequate preparation for an impending hearing. *Memphis Light, Gas and Water Division v. Craft,* 436 U.S. 1, 14 (1978). The hearing procedures must insure that the affected individual is given a meaningful opportunity to present his case. *Mathews,* 424 U.S. at 349.

We conclude that Peterson had adequate notice of the charge and that he did present his case on the lane deviation charge. Although he was not specifically charged with the lane deviation violation, he knew the rules of the road and should have known that ch. 802 procedures permitted amendment of the charge. In addition, Peterson was provided with a full hearing at which he was represented by counsel. At the hearing, the arresting officer testified to the lane deviation, and Peterson responded by denying the allegation. Peterson also presented the testimony of his passenger to verify his ac-

count of the incident. The trial court chose to believe the testimony of the arresting officer.

We cannot conceive of any additional evidence Peterson could have brought forth on the charge. *See Schmitz,* 12 Wis.2d at 386, 107 N.W.2d at 458. Counsel for Peterson has not contended that he would have defended against the lane deviation charge in any different manner than he defended against the original charge.[3] Obviously, it would have been preferable to give Peterson the opportunity to submit additional evidence as suggested in *Schmitz* and *Wuky.* Since there is no indication, however, that Peterson would or could have introduced further evidence, depriving him of that opportunity was harmless in this case.

Some of the members of this panel are disturbed by the fact that by defending against the original charge, Peterson lost more points than he could have lost if he had simply pled guilty to the charge. This no doubt could affect the decision to defend a traffic charge, a possible constitutional problem not specifically argued by counsel. This does not change our conclusion, however, that Peterson received a fundamentally fair hearing and was not denied the process he was due.

*By the Court.*—Judgment affirmed.

---

[3] Whether Peterson would have approached settlement differently does not bear on the question of whether he was given a fundamentally fair hearing on the charge.