STATE of Wisconsin, Plaintiff-Respondent,

v.

Rodney E. PETERSON, Defendant-Appellant-Petitioner.

Supreme Court

*No. 80–1892.  Argued November 3, 1981.—*
*Decided December 1, 1981.*

(Also reported in 312 N.W.2d 784.)

For the appellant-petitioner there was a brief by *Bruce A. Pagel* and *Haukom & Ritchie* of Madison, and oral argument by *Mr. Pagel.*

For the plaintiff-respondent the cause was argued by *Jeffrey M. Gabrysiak,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

SHIRLEY S. ABRAHAMSON, J.   This is a review of a decision of the court of appeals affirming the judgment of the circuit court for Dane county, Angela B. Bartell, circuit judge.[1] The issue posed is the propriety of the circuit court's *sua sponte* amendment of the pleadings to conform to the evidence presented. After the presentation of evidence the circuit court, upon its own motion, amended the complaint to charge violation of a traffic statute different from that originally charged

---

[1] *State v. Peterson,* 102 Wis. 2d 227, 306 N.W.2d 263 (Ct. App. 1981).

and then found the defendant guilty of the amended charge. We conclude that while the circuit court was correct in holding that it had the power to amend the complaint on its own motion after the presentation of the evidence, the circuit court erred in not granting the parties an opportunity to present additional evidence on the complaint as amended. Accordingly, we reverse the decision of the court of appeals and remand the case to the circuit court for a new trial.

The facts on which the challenge to the judgment arises are as follows: The state's complaint originally charged the defendant with violating sec. 346.89(1), Stats. 1977, entitled Inattentive Driving.[2] At the time of the incident, a violation of sec. 346.89(1) was punishable by a forfeiture of not less than twenty dollars ($20.00) nor more than four hundred dollars ($400.00) and three "points." Sec. 346.95(2), Stats. 1977; sec. MVD 11.03(13), Wis. Adm. Code (1977).

The arresting officer, a state patrolman, testified that he was driving behind the defendant in the left lane of the northbound portion of a four-lane highway and saw the defendant's vehicle drive several feet into the right lane for a short distance. The patrolman also testified that the defendant interfered with traffic in the right lane. The defendant denied that he was inattentive to the operation of his vehicle and explained that he had bend over to pick up a pair of glasses that had fallen to the floor of his car, that his car may have veered to the right slightly but that the car never crossed into the right lane, and that his eyes never left the roadway. The defendant also testified that he did not see any traffic in the right lane with which he interfered. The passenger

---

[2] Sec. 346.89(1), Stats. 1977, provides as follows:

"346.89 **Inattentive driving.** (1) No person while driving a motor vehicle shall be so engaged or occupied as to interfere with the safe driving of such vehicle."

in defendant's car corroborated the defendant's testimony.

After closing arguments by both sides, the circuit court concluded that the defendant's vehicle "did deviate from its lane, and it did so in a manner when it could not be done with safety to other vehicles approaching from the rear" and found that the state had proven "by evidence that is clear, satisfactory and convincing that a violation of sec. 346.13(1) of the statutes was committed." The circuit court then, *sua sponte,* amended the complaint to conform to its findings, namely to allege a violation of sec. 346.13(1), Stats. 1977, entitled Deviating From Lane of Traffic.[3] The circuit court then ordered a judgment of conviction for the offense of deviating from the lane of traffic and imposed the maximum forfeiture of $40.00 plus costs. At that time the statutorily prescribed penalty for deviating from the lane of traffic, the offense of which the defendant was found guilty, was punishable by a forfeiture of not less than twenty dollars ($20.00) nor more than forty dollars ($40.00) for the first offense and not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for the second or subsequent conviction within a year. Sec. 346.17(1), Stats. 1977. The number of points assessed for deviating from lane of traffic was four. Sec. MVD 11.03(16) (C), Wis. Adm. Code (1977).

---

[3] Sec. 346.13(1), Stats. 1977, provides as follows:

"346.13 **Driving on roadways laned for traffic.** Whenever any roadway has been divided into 2 or more clearly indicated lanes, including those roadways divided into lanes by clearly indicated longitudinal joints, the following rules, in addition to all others consistent with this section, apply:

"(1) The operator of a vehicle shall drive as nearly as practicable entirely within a single lane and shall not deviate from the traffic lane in which he is driving without first ascertaining that such movement can be made with safety to other vehicles approaching from the rear."

Thus the statutorily prescribed monetary forfeiture for the offense as amended was less than for the offense originally charged, but the number of points for the offense as amended was greater than the number of points for the offense originally charged.[4]

The defendant's attorney objected to the circuit court's amendment of the charge stating that the amendment was not proper because the amended charge was not an offense included in the offense charged and because more points were assessed for violation of the amended charge than for violation of the statute originally charged. The circuit court concluded that it had the power to amend the complaint, stating:

"This is a civil matter, not a criminal matter. It is my view that the Court does have the power to do what it just did, and it did it without regard to the point system, in that this Court has neither control of the assignment of points nor control over the assignment of those on the record of any particular driver. This is an administrative act done through administrative rules and not subject to this Court's jurisdiction, and I do order a judgment of conviction for that offense as I found it to be."

Two issues are raised in this review: First, whether the civil or criminal statutes govern amendments to the pleadings in cases charging violations of state traffic offenses which prescribe a forfeiture;[5] and second,

---

[4] "Points" are assessed administratively by the Division of Motor Vehicles, Department of Transportation. Points are significant for retention of licenses.

Effective July 1, 1981, the points for both inattentive driving and lane deviation are the same. For a violation of either statute, a four point assessment is made. *See* Section Trans 101.02(14) and (17)(c), Wis. Adm. Code (1981).

[5] Sec. 802.09, Stats. 1977, governs amendment of pleadings in civil actions. Sec. 971.29(2), Stats. 1977, governs amendment of pleadings in criminal actions. Amendments to pleadings are more limited in criminal proceedings than in civil proceedings. *See State v. Duda*, 60 Wis. 2d 431, 210 N.W.2d 763 (1973).

whether the amendment in this case was appropriate under the applicable statutes.

On examination of the state traffic statutes, we conclude that the amendment of pleadings in traffic cases involving violation of a state statute prescribing a forfeiture are governed by the civil statutes.

That the legislature intended that violations of state traffic laws involving forfeitures be treated as civil offenses is clear from the legislative history of chapter 346, Stats. 1977. In adopting the Uniform Traffic Procedure Act in 1971, the legislature amended many penalty provisions of ch. 346 to provide that any person found guilty of violating the traffic statutes would be punished by forfeiture of a sum of money (a civil penalty) rather than by fine or imprisonment or both (criminal penalties).[6] The 1971 legislature amended the state traffic penalty provisions in this manner because it was dissatisfied with the pre-1971 scheme by which violation of many state traffic statutes constituted a crime while violation of municipal traffic ordinances (which conformed to the state traffic statutes) constituted a civil offense.[7] Prior to 1971, whether the per-

---

[6] Sec. 939.12, Stats. 1977, provides:

"**Crime defined.** A crime is conduct which is prohibited by state law and punishable by fine or imprisonment or both. Conduct punishable only by a forfeiture is not a crime."

[7] The Legislative Reference Bureau Analysis of 1971 Senate Bill 161 explained state and local power to regulate traffic as follows:

"Under present Wisconsin law, the state, its subdivisions and municipalities may enact traffic regulations. The only requirement is that the regulations (ordinances) adopted by counties, towns and municipalities must conform to the state traffic regulations set forth in the motor vehicle code. But in Wisconsin only the state has the power to create a crime. The traffic regulations adopted by counties, towns and municipalities must, therefore, be enforced by a civil action to recover a forfeiture. The state, on the other hand, has the option of enforcing its regulations by criminal

son arrested for a traffic violation was prosecuted for a criminal offense or was proceeded against in a civil action to recover a forfeiture depended on whether he was charged under the state law or under the local ordinance, which in turn depended, to a large extent, on the fortuitous circumstances of whether the person was arrested by a state traffic officer or by a local traffic enforcement officer. The 1971 amendments were designed to remedy this inequity by the creation of a uniform system of civil forfeiture and civil proceedings for most traffic violations whether the violation be of state traffic statutes or of local traffic ordinances. The legislative history of the 1971 amendments thus clearly demonstrates that the legislature intended to establish a system of "basically civil" uniform traffic procedures supplemented by certain "criminal protections" for the great majority of violations in the state motor vehicle code and for violations of local traffic ordinances.[8]

Furthermore, we read the state traffic statutes to provide that the civil rules of procedure apply to amendment of pleadings in trials of forfeiture actions. Sec. 345.20, Stats. 1977, prescribes the procedure to be fol-

action, which allows it to provide direct imprisonment, or by an action to recover a forfeiture. In the case of traffic regulations, the state has seen fit to use the criminal sanctions.

This court has held in numerous cases that forfeiture actions for violations of municipal or county ordinances are civil actions. *See, e.g., Bayside v. Bruner,* 33 Wis. 2d 533, 148 N.W.2d 5 (1967); *Neenah v. Alsteen,* 30 Wis. 2d 596, 142 N.W.2d 232 (1966); *Madison v. Geier,* 27 Wis. 2d 687, 135 N.W.2d 761 (1965); *Milwaukee v. Wuky,* 26 Wis. 2d 555, 133 N.W.2d 356 (1965).

For the power of local authorities to adopt traffic regulations, *see* sec. 349.06, Stats. 1977.

[8] Legislative Reference Bureau analysis of 1971 Senate Bill 161 which was later enacted as Ch. 278, Laws of 1971. *See also* Hough, *Wisconsin's Uniform Traffic Court Procedure,* 1972 Wis. Bar Bull. No. 4, at 9.

lowed in a trial of ch. 346 forfeiture cases.[9] Sec. 345.20 (2) provides *inter alia* that where no specific procedure is provided in secs. 345.21 to 345.53 in the trial of forfeiture actions for the violation of traffic regulations (which term is defined as including a state traffic law punishable by forfeiture and local traffic ordinance) the trial in circuit court shall be governed by ch. 299, Stats. 1977. Ch. 299 was renumbered ch. 799, *see* ch. 32, Laws of 1979. We find nothing in secs. 345.21 to 345.53 relating to the amendment of pleadings. Following the instructions the legislature has set forth in sec. 345.20(2), we turn to ch. 299, Stats. 1977. Sec. 299.04(1), Stats. 1977, states that except as otherwise provided in ch. 299, the general rules of practice and procedure in chs. 750 to 758 and 801–847 apply. We find nothing in ch. 299 relating to amendment of pleadings, and so, again following the instructions of the legislature, we turn to ch.

---

[9] Sec. 345.20(1), (2), Stats. 1977, provide as follows:

"345.20 **General provisions in traffic forfeiture actions.** "(1) DEFINITIONS. In ss. 345.20 to 345.53:

"(a) 'Traffic regulation' means a provision of chs. 341 to 349 for which the penalty for violation is a forfeiture, or an ordinance enacted in accordance with s. 349.06.

"(b) 'Judge' has the meaning specified in s. 967.02(6).

"(2) PROCEDURE. (a) Except as provided in par. (b), the apprehension of alleged violators of traffic regulations and the trial of forfeiture actions for the violation of traffic regulations shall be governed by ss. 345.21 to 345.53. Where no specific procedure is provided in ss. 345.21 to 345.53, ch. 299 shall apply to such actions in county court.

"(b) The trial of forfeiture actions in municipal court for the violation of traffic regulations shall be governed by ch. 300. Provisions relating to the uniform traffic citation and complaint in s. 345.11, to arrests in ss. 345.21 to 345.24, to deposits and stipulations of no contest under ss. 345.255 to 345.27, to the authority of the court under ss. 345.47, 345.48 and 345.50 and to guaranteed arrest bonds under s. 345.61 apply to violations of ordinances to be tried in municipal court."

*See also* sec. 66.12, Stats. 1977.

802 and specifically, sec. 802.09, Stats. 1977, which expressly refers to amended pleadings.

Thus if we follow the instructions which the legislature has expressly set forth in sec. 345.20 (2) and sec. 799.04 (1), Stats. 1979–80, we must conclude that sec. 802.09, Stats. 1977, is applicable to amendments in civil forfeiture cases involving violations of ch. 346, Stats. 1977.

The defendant concedes that forfeiture proceedings are essentially civil actions and that tracking the statutes leads to sec. 802.09 as the statute applicable to amendment of pleadings in a state traffic forfeiture case. The defendant argues, however, that this court has frequently recognized that forfeiture actions are of a hybrid nature, *i.e.* part civil, part criminal, and the defendant urges us to hold that the criminal statutes, not the civil statutes, govern amendments to pleadings. We reject defendant's contention and conclude, as we did in previous cases involving forfeiture actions for violation of county and municipal ordinances, that while certain procedures of criminal law have been adopted by the legislature in the prosecution of forfeitures, criminal pleading, practice and procedure should be used only to the extent that the legislature has so directed.[10] Because the legislature has not directed that the criminal rules for amendment of pleadings be used in state traffic forfeiture actions, we hold that the civil rules for amendment of pleadings are applicable in the case at bar.[11]

---

[10] *See, e.g., Bayside v. Bruner*, 33 Wis. 2d 533, 536, 148 N.W.2d 5 (1967).

[11] This holding is consistent with *Milwaukee v. Wuky*, 26 Wis. 2d 555, 133 N.W.2d 356 (1965), and *Madison v. Geier*, 27 Wis. 2d 687, 135 N.W.2d 761 (1965), upon which the defendant relies as supporting his thesis that criminal statutes apply to traffic cases.

In *Wuky* this court held that in a civil forfeiture action Wuky was not entitled to a special verdict. The court based its decision on sec. 66.12 which requires that the answer be a plea of guilty, not guilty, or no contest. The court said the statutory limitations

Our holding that civil rules for amendment of pleadings apply to state traffic actions involving forfeitures comports with previous holdings of this court in cases involving forfeiture actions for violations of local ordinances.

In *Sauk County v. Schmitz,* 12 Wis. 2d 382, 107 N.W. 2d 456 (1961), the defendant was charged in a forfeiture action with violating a county ordinance restricting the speed of motor vehicles. At trial there was testimony that Schmitz was speeding and that he was passing another vehicle on the right side. At the conclusion of the trial, the trial court found that the speeding violation had not been proven but that an improper passing violation had been established. This court affirmed the amendment of the charge by the trial court, holding that sec. 269.44, the forerunner of sec. 802.09, Stats. 1977, applied to amendments in county traffic forfeiture proceedings.

This court followed *Schmitz* in *Milwaukee v. Wuky,* 26 Wis. 2d 555, 133 N.W.2d 356 (1965). Wuky was charged in a forfeiture action with violating an ordinance relating to contests of skill. At the end of the trial, on the trial court's own motion, the charge was amended to allege a violation of an ordinance which prohibited a tavernkeeper from permitting gaming on his premises and the trial court found Wuky guilty of violat-

on the defendant's "answers" restricted the type of verdict that was allowed. 26 Wis. 2d at 562.

In *Madison v. Geier,* the court held that a middle burden of proof—clear and convincing—was required in a municipal ordinance prosecution where the ordinance was based on a criminal statute. The court likened this ordinance violation case to other civil cases in which fraud or criminal acts are elements of the cause of action and concluded that because there was "no difference in such a civil case being prosecuted by a private citizen and a municipality," the middle burden of proof applied. 27 Wis. 2d 687, 692.

ing the amended charge. This court affirmed the judgment of the trial court.

The defendant seeks to distinguish the *Schmitz* and *Wuky* cases on the ground that they involve municipal ordinance violations, while this case involves the violation of a state statute.[12] The defendant does not explain why this distinction is relevant, and we are not persuaded that it is. As we have said previously, the legislative history of ch. 346 shows that the basic thrust of the 1971 Uniform Traffic Procedure Act was to make uniform the procedures followed in prosecuting violations of local traffic ordinances and state traffic forfeiture statutes. We further this legislative goal by applying the same rule concerning amendment of pleadings to state traffic forfeiture cases as we have applied to local traffic ordinance forfeiture cases. Accordingly we hold that sec. 802.09, Stats. 1977, governs amendment of pleadings in the case at bar.

We now turn to consider whether sec. 802.09, Stats. 1977, was correctly applied in the instant case. We conclude that while the circuit court had the power to amend the charge, the circuit court erred in the instant case by not granting, *sua sponte,* an opportunity to the parties to present additional evidence on the amended charge.

Because the circuit court amended the complaint to conform to the proof presented at trial, the litigants and

[12] The defendant also argues that the amended charges in *Schmitz* and *Wuky* did not require the proof of elements additional to those required for the original charge. In this case, however, the defendant argues that one could be guilty of deviating and not be guilty of inattentive driving, and vice versa. However, the amended charges in *Schmitz* and *Wuky* did involve proof of elements in addition to those required for the original charge. While evidence of speeding might be relevant to the charge of improper passing, and while violating an ordinance on contests of skill may also constitute a violation of the ordinance on tavernkeepers and gaming, clearly the elements of the original and amended charges are different.

the court of appeals have focused their discussion on sec. 802.09 (2), Stats. 1977, which provides as follows:

"(2) AMENDMENTS TO CONFORM TO THE EVIDENCE. If issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had ben raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining the action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

The defendant first argues that under sec. 802.09 (2) the circuit court could not amend the pleadings *sua sponte*. We reject this contention. As the Judicial Council Notes indicate, sec. 802.09 (2) conforms with the case law that had developed under former sec. 269.44,[13] and

---

[13] Judicial Council Committee's Note, 1974, Wis. Stats. Ann., sec. 802.09, p. 790 (West 1977).

Sec. 269.44, Stats. 1973, provided as follows:

"269.44 **Amendments of processes, pleadings and proceedings.** The court may, at any stage of any action or special proceeding before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process, pleading or proceeding, notwithstanding it may change the action from one at law to one in equity, or from one on contract to one in tort, or vice versa; provided, the amended pleading states a cause of action arising out of the contract, transaction or occurrence or is connected with the subject of the action upon which the original pleading is based."

this court had consistently interpreted sec. 269.44 as allowing the court to amend the pleadings on its own motion.[14]

The defendant further argues that the essential requirement of sec. 802.09(2) has not been satisfied, namely the defendant did not expressly or impliedly consent to trying the issue of deviating from the lane of traffic which had not been raised in the pleadings.

Neither party has cited Wisconsin law dealing with the issue of consent under sec. 802.09(2). Because sec. 802.09(2) is in all material respects identical to Rule 15(b) of the Federal Rules of Civil Procedure,[15] we

Sec. 802.09(2) is substantially similar to Rule 15(b) of the Federal Rules of Civil Procedure, *see* note 15, *infra*, and Rule 15(b) has been interpreted to allow the trial court to amend the pleadings on its own motion. 6 Wright & Miller, *Federal Practice and Procedure*, sec. 1493, p. 461 (1971).

[14] *See, e.g., Family Hospital Nursing Home, Inc. v. City of Milwaukee*, 78 Wis. 2d 312, 327, 254 N.W.2d 268 (1977); *Huntoon v. Capozza*, 57 Wis. 2d 447, 456, 204 N.W.2d 649 (1973); *Neenah v. Krueger*, 206 Wis. 473, 475–76, 240 N.W. 402 (1932).

[15] Judicial Council Committee's Note, 1974, Wis. Stats. Ann. sec. 802.09, p. 790 (West 1977); Clausen & Lowe, *The New Wisconsin Rules of Civil Procedure: Chapters 801 to 803*, 59 Marq. L. Rev. 1, 64, 65 (1976).

Rule 15(b) reads as follows:

"(b) AMENDMENTS TO CONFORM TO THE EVIDENCE. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

look to the cases and commentary relating to Rule 15(b) for guidance in interpreting sec. 802.09(2).

Any discussion of Federal Rule 15(b) must begin with the understanding that the purpose of this rule, like that of many contemporary rules of pleading, is to simplify pleadings, "to avoid the tyranny of formalism," and to facilitate a proper decision on the merits. Pleadings are not an end in themselves but a means to the proper presentation of a case. Pleadings are to assist, not to deter, the disposition of the case on its merits.[16] Rule 15(b) is designed to allow the court to adjust the pleadings to reflect the case as it was actually litigated and the issues that were actually developed at trial.

Rule 15(b) covers two situations in which amendments are permitted to conform the pleadings with the issues actually tried or to be tried. The first two sentences—which we call the first part of Rule 15(b)—provide that if issues are tried by the express or implied consent of the parties, the issues shall be treated as if they had been raised in the pleadings. This part of Rule 15(b) appears to be mandatory; if the court concludes that the parties consented to the trial of the issues, the court must conform the pleadings to the proof.

The remaining sentence—which we call the second part of Rule 15(b)—applies where objection is made at trial that the evidence offered is not within the issues raised by the pleadings. When objection is made, Rule 15(b) grants the court discretion to allow the amendment and encourages the court "to do so freely when the presentation of the merits of the action will be subserved

---

[16] *Conley v. Gibson*, 355 U. S. 41, 48 (1957); *Rosden v. Leuthold*, 274 F.2d 747, 750 (D.C. Cir. 1960); 3 Moore's, *Federal Practice* Para. 15.02[1] at 15–13 (1978); 6 Wright & Miller, *Federal Practice and Procedure* sec. 1491 (1971); Note, *Civil Procedure—Rule 15(b)—Amendment to Pleadings to Conform to the Evidence*, 9 Wake Forest L. Rev. 247 (1973).

thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his . . . defense upon the merits." Federal Rules of Civil Procedure, Rule 15 (b).

The defendant here did not object to the proof submitted that pertained to the charge of deviating and thus the second part of sec. 802.09 (2) does not apply. The defendant urges that the first part of sec. 802.09 (2) also does not apply because the issue of deviating was not tried by his express or implied consent.

It is clear that if the defendant consented to trial of the issue of deviating from lane of traffic, the consent must be implied; there was no express consent.[17] According to the federal authorities, implied consent is generally held to exist where there is no objection to the introduction of evidence on the unpleaded issue and where the party not objecting is aware that the evidence goes to the unpleaded issue: actual notice to the parties appears to be the key factor in determining whether there was implied consent. As noted above, there is no question that the evidence introduced at the trial in the case at bar was admitted without objection. The more difficult question is whether the defendant was aware that the pertinent evidence went to the issue of deviating from lane of traffic, an unpleaded issue. Because the evidence on deviating was relevant to the issue of inattentive driving, an issue already raised in the pleadings in the case, the defendant may not have been aware that the state was raising a new issue. To find implied consent it must appear that parties understood the evidence was aimed at the unpleaded issue. *Ellis v. Arkansas Louisiana Gas Co.,* 609 F.2d 436, 439–40 (10th Cir.

[17] "Express consent may be given by stipulation, or may be incorporated in a pre-trial order and rarely raises any serious fact question." (Notes omitted.) 6 Wright & Miller, *Federal Practice and Procedure—Civil,* sec. 1493 at 461–62 (1971).

1979) ; *Vargas v. McNamara,* 608 F.2d 15 (1st Cir. 1979) ; 3 Moore's *Federal Practice,* para. 15.13[2], p 15–175, n. 28 (1978). Where the proof is relevant to a pleaded issue as well as to an unpleaded issue, as was the case here, several courts have said that the introduction of the evidence without objection provides no indication that the party has consented to have the unpleaded issue tried.[18]

Whether an issue has been tried by implied consent is to be determined by the circuit court. The circuit court must make findings on the issue of consent, because once consent is found, the circuit court has no choice but to amend the pleadings. The first part of sec. 802.09(2) is not permissive, it is mandatory. If the issue was tried by express or implied consent the issue must be treated as if raised in the pleadings.

The circuit court in the case at bar did not make the finding that there was—or was not—implied consent. We are thus faced with the issue of whether we can on the basis of this record determine whether, as a matter of law, the defendant understood, was aware of, or had actual notice of being tried on the charge of deviating and, by failing to object to the evidence, impliedly consented to trial of this issue. If we were to apply the black letter rule that we are all held to know the law, we could say that the defendant had constructive notice of the possibility of amendment of the pleadings and thus constructive notice of being tried on the charge of deviating from the lane of traffic. As we have said previously, the federal commentators indicate, however, that to find implied consent under Rule 15(b), actual notice is required. Using the test of actual notice, we cannot

[18] *McLeod v. Stevens,* 617 F.2d 1038 (4th Cir. 1980); *International Harvester Credit Corp. v. East Coast Truck,* 547 F.2d 888 (5th Cir. 1977) ; *Cox v. Freemont,* 415 F.2d 882 (10th Cir. 1969).

conclude from this record as a matter of law that the defendant impliedly consented.

The federal materials indicate that another test might be used in place of actual notice to determine whether there has been implied consent to trial of the issue of deviating, namely whether the defendant was prejudiced by the amendment. Although the first part of sec. 802.-09(2) (unlike the second part) makes no reference to prejudice, several federal decisions discuss prejudice in conjunction with the first part of Rule 15(b). The commentators explain that in some of these cases the concept of prejudice to the party resisting the amendment is part of the concept of implied consent. The court which concludes that an amendment would prejudice the party resisting the amendment finds that the party did not consent. 3 Moore's *Federal Practice* para 15.13[2], pp. 15–177–15–179 (1978). Thus in *Monod v. Futura, Inc.*, 415 F.2d 1170, 1174 (6th Cir. 1969), the court explained the interrelationship of consent and prejudice as follows:

"The test of consent should be whether the defendant would be prejudiced by the implied amendment, *i.e.*, whether he had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory."

*See also Ellis v. Arkansas Louisiana Gas Co.*, 609 F.2d 436 (10th Cir. 1979).

Other decisions which discuss prejudice in cases which arise under the first part of Rule 15(b) can be explained by saying that the court held *sub silentio* that the opposing party had not expressly or impliedly consented to trial of the unpleaded issue and treated the issue of whether to amend the pleadings as falling under Rule 15(a), the Wisconsin counterpart being sec. 802.09(1),

Stats. 1977,[19] or treated Rule 15(b) as including the Rule 15(a) concept that amendment is within the discretion of the court and "shall be freely granted when justice so requires." 3 Moore's *Federal Practice* para. 15.13[2], p. 15–179 (1978).

Professors Wright and Miller explain that the concepts of consent and prejudice interface and that therefore Rule 15(b) should be interpreted to include the concept of prejudice. They state as follows:

". . . It should be noted that the portion of Rule 15 (b) dealing with amendments to conform to the evidence does not expressly refer to prejudice as a basis for denying an amendment to conform to issues that have been introduced without objection but only speaks of consent.

---

[19] Rule 15(a) provides as follows:

"(a) AMENDMENTS A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party: and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

Sec. 802.09(1), Stats. 1977, is substantially similar to Rule 15(a) and provides as follows:

"802.09 **Amended and supplemental pleadings.** (1) AMENDMENTS. A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed or within the time set in a scheduling order under s. 802.10. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given at any stage of the action when justice so requires. A party shall plead in response to an amended pleading within 20 days after service of the amended pleading unless (a) the court otherwise orders or (b) no responsive pleading is required or permitted under s. 802.01(1)."

Nonetheless, consideration of this factor is a valid exercise of the court's discretion and typically will be part of the court's analysis of whether there has been implied consent. When a party does not recognize the significance of the introduction of certain evidence at trial and therefore neglects to contest it, a motion to amend could be denied either because the party would be prejudiced in the presentation of his case or because he could not realistically be said to have given his implied consent." 6 Wright & Miller, *Federal Practice and Procedure—Civil*, sec. 1493 at 468 (1971).

We conclude that the better approach to sec. 802.09 (2) is to treat the concepts of implied consent and prejudice separately. To determine implied consent under sec. 802.09 (2) the circuit court must apply the test of actual notice. If the evidence has been introduced without objection and the circuit court finds that there has been no actual notice, it should find that there has been no implied consent to trial of the unpleaded issue. Under such circumstances, the circuit court may *sua sponte* under sec. 802.09 (1), (2) amend the pleadings to conform to the evidence if the circuit court concludes that justice so requires. Amendment is thus within the discretion of the circuit court and the circuit court in exercising its discretion must balance the interests of the party benefiting by the amendment and those of the party objecting to the amendment. This interpretation of sec. 802.09 which allows subs. (1) and (2) to be read together gives the circuit court wide discretion regarding amendment of the pleadings to ensure that the entire controversy is presented and to ensure that the party opposing the amendment is not unfairly deprived of the opportunity to meet the issue created by the amendment. This interpretation comports not only with interpretations of Rule 15 (b) but also with this court's interpretation of sec. 802.09 (1), (2), Stats. 1977, and its forerunner, sec.

269.44, Stats. 1973. *Wiegel v. Sentry Indemnity Co.*, 94 Wis. 2d 172, 184, 287 N.W.2d 796 (1980); *Family Hospital Nursing Home, Inc. v. Milwaukee*, 78 Wis. 2d 312, 327, 254 N.W.2d 268 (1977); *Huntoon v. Capozza*, 57 Wis. 2d 447, 456, 204 N.W.2d 649, 654 (1973); *Neenah v. Krueger*, 206 Wis. 473, 240 N.W. 402 (1932).

The issue in the case then becomes whether the defendant in the instant case is prejudiced by the amendment. Both the defendant and the state have addressed the issue of prejudice.[20]

The defendant argues that he was prejudiced by the amendment because he was assessed four points instead of three points and because had he recognized this possibility he might have plead guilty to the original charge. By making this argument, the defendant applies an incorrect meaning of prejudice to the case at bar. The defendant interprets prejudice to mean that he suffers a substantive harm rather than to mean that he was deprived of an opportunity to defend against the amended charge.[21]

---

[20] The state concedes in its brief that the defendant did not expressly or impliedly consent (*i.e.* actual notice) to the trial of the unpleaded charge. The state argues that the circuit court properly conformed the pleadings to the evidence on its own motion because the defendant was not prejudiced by the amendment.

[21] Whether defendant would have plead guilty to the original charge does not affect whether he was given an adequate opportunity to defend against the amended charge. All amendments after trial might be said to have been relevant to settlement negotiations. Clearly this possibility does not require that no such amendments be granted.

The defendant also argues that judgment on a charge not raised in the pleadings is invalid because due process of law was not accorded him in that the amendment denied him an opportunity to be heard. We reject this argument because it fails to recognize that the procedures set forth in sec. 802.09 and used by the courts to determine whether an amendment should be permitted satisfy the requirements of due process. The circuit court should allow

The defendant also argues that he was prejudiced by the amendment because he was deprived of the opportunity to introduce evidence in opposition to the amended charge. The defendant points out that the two offenses involve different types of driving behavior and that the proof of and the defense to each charge may be different. While the offenses include different elements of proof and thus may require different defenses, the defendant has not set forth with any precision what additional evidence he might have submitted as to the charge of deviating from the lane had he been given the opportunity. Nor did the defendant request a continuance at the time the circuit court amended the complaint and adjudged the defendant guilty of the amended charge of deviating.

In light of the defendant's failure to request a continuance and to state what evidence he might have introduced, the state, citing the *Schmitz* and *Wuky* cases, urges us to hold that the circuit court did not abuse its discretion in amending the complaint and entering judgment on the amended complaint. In *Sauk County v. Schmitz, supra,* 12 Wis. 2d at 386–87, we said:

"The original charge, while it did not specify a violation of the ordinance requiring passing to the left, did compel inquiry into the defendant's speed, and all the circumstances and results thereof which might lead to a determination that it was unreasonable or hazardous. At the trial, there was full examination of the circumstances, and the defendant appears to have given

amendment only if the parties had expressly or impliedly consented to trial of the unpleaded issue or had been given an adequate opportunity to cure any surprise that might come from the amended pleadings. An opportunity to submit additional evidence cures any such alleged prejudice. Professors Wright and Miller in 6 *Federal Practice and Procedure—Civil* sec. 1491, p. 455 (1971), note that "if the circuit court acts arbitrarily and capriciously in granting leave to amend under sec. 802.09(2), there may be a violation of due process."

all the explanation he had. The county court said it could not conceive of any additional facts that could change the picture, and none occur to us.

"When the court reached the conclusion that the violation proved was different from the violation charged, it could have foreclosed all question by offering defendant the opportunity to present additional evidence. The defendant did not request such opportunity, however, and we do not consider that the court abused its discretion."

In *City of Milwaukee v. Wuky, supra,* 26 Wis. 2d at 560, we similarly concluded that given the wide discretion to amend pleadings in a civil action and given the fact that the defendant failed to show how he might have defended against the second charge differently than he defended against the original charge, the circuit court could amend the charge without offering the defendant an opportunity to present additional evidence. We said:

"In our opinion, the trial brought forth the facts and circumstances relevant to both ordinances. Neither in his brief nor upon oral argument did defendants' counsel show how he might have defended against the second charge in any other manner than he did against the original one. No new element was introduced by the amendment, and the claim of surprise is not well founded.

". . .

"In *Girtz v. Oman* (1963), 21 Wis. (2d) 504, 509, 510, 124 N. W. (2d) 586, we discussed the wide discretion possessed by the trial court to amend pleadings in a civil action under sec. 269.44, Stats. See also *Dunham v. Howard Industries, Inc.* (1948), 253 Wis. 347, 360, 34 N. W. (2d) 140. In our opinion, the trial court did not abuse its discretion under the facts of the instant case in amending the pleadings at the end of the trial in this forfeiture action. *Sauk County v. Schmitz, supra; Neenah v. Krueger* (1932), 206 Wis. 473, 240 N.W. 402.

"The defendants have failed to demonstrate that they were harmed or prejudiced in any way by the amendment of the charge. However, it would have been ap-

propriate for the trial court, upon amending the charge, to have offered both sides an opportunity to submit additional evidence, as was suggested in the *Sauk County Case*."

In affirming the circuit court, the court of appeals, relying on *Wuky* and *Schmitz*, concluded that while "it would have been preferable to give Peterson [the defendant] the opportunity to submit additional evidence as suggested in *Schmitz* and *Wuky*," the circuit court's failure to offer the parties an opportunity to supplement the record "was harmless" because the defendant did not show that he would have defended against the lane deviation charge differently than against the original charge. The court of appeals' reading of *Wuky* and *Schmitz* is defensible, but we conclude that an affirmance in this case would undermine the essential teaching of *Wuky* and *Schmitz*.

In both *Wuky* and *Schmitz* this court was sensitive to the potential unfairness that could result from the court's *sua sponte* amendment of a charge in an ordinance violation prosecution. In both cases the court emphasized that if the circuit court were to offer both sides an opportunity to submit evidence in response to the amendment, there would be no question that the amendment was proper. In strongly suggesting in these cases that the circuit courts grant the parties an opportunity to submit evidence, this court impliedly held that, unless there was good reason set forth in the record, the circuit court must *sua sponte* offer both sides an opportunity to submit additional evidence. The court had concluded that it is wiser to give the parties an opportunity at trial to put in the evidence than to permit them to argue later on appeal whether such an opportunity was necessary or would have been of any use to either party. We now expressly require that which we

impliedly required in *Wuky* and *Schmitz:* Unless the circuit court finds on the record that the parties expressly or impliedly consented (*i.e.*, actual awareness) to trial of the unpleaded issue, it is within the discretion of the circuit court whether under all the facts and circumstances of the particular case justice requires amendment of the pleadings to conform to the evidence. Where the circuit court *sua sponte* exercises its discretion to amend the charge after the evidence is in to conform the pleadings to the evidence which was admitted without objection and where the posture of the case is such that additional evidence could still be received, the circuit court must offer both sides an opportunity to submit additional evidence.[22] The opportunity to submit additional proof must, of course, be a meaningful one. Whether that opportunity requires a continuance is within the discretion of the circuit court.

In the instant case the complaint specifically charged violation of a particular statute. This was a trial to the court; there was no jury. This case involved a traffic offense which, as we have said before, is, for many citizens, the only contact the citizen has with the judicial system. "Public confidence rests upon the fairness of such proceedings." *State v. Hanson,* 85 Wis. 2d 233, 246, 270 N.W.2d 212 (1978). The evidence introduced was relevant to the charge in the original complaint as well as to the amended charge. Neither party objected to the introduction of the evidence, nor requested an amendment to the complaint. The circuit court did not find that the opposing party expressly or impliedly consented to the amendment. The circuit court amended the charge *sua sponte* after the closing arguments. The

[22] Our decision is limited to amendments of the pleadings by the circuit court, in contrast to amendments by the appellate court, where obviously there is no opportunity to submit additional evidence.

circuit court could have taken additional testimony and did not state any reason for not offering the parties an opportunity to put in evidence on the amended charge. We conclude that under these circumstances the circuit court erred when it failed to offer the parties an opportunity to submit additional evidence to ensure that the parties have a full opportunity to be heard on the issues litigated.

For the reasons stated, we reverse the decision of the court of appeals and remand the cause to the circuit court for a new trial.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded to the circuit court for a new trial.