ANNETTE KINGSLAND ZIEGLER, J. (dissenting).
¶99 The majority opinion seriously errs. Driving on a public highway is not a constitutional right nor is it a right at all. When someone chooses to drive in the public domain, they must comply with state statutes commensurate with that privilege. Our legislature requires, for example, a public highway driver to possess a valid driver's license. See Wis. Stat. § 343.18(1). The consequence for not having one is a civil ticket. See § 343.18(3). Our legislature has also determined, as many states have, that there are consequences for a public highway driver who drives intoxicated. One consequence of doing so is to have impliedly consented to a blood test, provided of course that there is sufficient evidence that they are driving intoxicated. See Wis. Stat. § 343.305(3). They still may refuse this implied consent, but, like driving without a license, that *139 refusal will result in a civil ticket. See § 343.305(9). It might be one thing if the consequence for refusing that test were a criminal charge, as in Birchfield v. North Dakota, 579 U.S. ----, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), but in Wisconsin, as in many states, the consequence under our implied consent law is civil.
¶100 Relying on refusal to consent in determining sentence for an OWI does not change the civil nature of the refusal ticket. Judges can and do consider a variety of factors when imposing sentence-including conduct that is not against the law at all (e.g., lack of remorse)-and the obstructive and prohibited behavior of refusal is but one proper consideration. Thus, the majority errs in concluding that the circuit court erroneously exercised its discretion when it considered Dalton's refusal to consent to the blood draw during sentencing because considering refusal to consent as a factor during sentencing is not the same as criminalizing refusal. Therefore, although the United States Supreme Court proscribed criminalizing refusal in Birchfield, it did not proscribe, and in fact seemingly approved of, a civil penalty for refusal. See Birchfield, 136 S.Ct. at 2185-86. I therefore disagree with the majority in our case today for at least two reasons: first, the court interprets Birchfield's holding too broadly; and second, its analysis erroneously equates "sentencing factor" with a "criminal statute." In sum, the majority opinion today rewrites Birchfield and redrafts state statutes, and, in so doing, unnecessarily creates significant risk to the users of our public highways.
¶101 Accordingly, I respectfully dissent,[1] and I join Chief Justice Roggensack's call for the United States Supreme Court to assist the state courts with respect to this issue.
I. WISCONSIN CIVIL, NORTH DAKOTA CRIMINAL
¶102 In Wisconsin, refusal to consent to a blood draw subjects a driver to civil, not criminal penalties. See Wis. Stat. § 343.305(9). By contrast, the North Dakota statutes at issue in Birchfield had made it a crime to refuse to consent. See 136 S.Ct. at 2170 (citing N.D. Cent. Code Ann. §§ 39-08-01(2), 39-20-01(3)(a) ). And the United States Supreme Court concluded that the North Dakota statutes were unconstitutional for that specific reason. The Court concluded that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." Id. at 2186 (emphasis added). Thus, Birchfield stands only for the narrow proposition that implied consent statutes which make it a crime to refuse to consent are unconstitutional, and Wisconsin's implied consent law, which does not make it a crime to refuse to consent and imposes only civil penalties for refusal, is therefore not unconstitutional under Birchfield. The majority errs in conflating these distinctions.
¶103 Furthermore, the Court in Birchfield"referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply," and indicated that "nothing [said] here should be read to cast doubt on them." 136 S.Ct. at 2185. Thus, Wisconsin's implied consent law, which imposes only *140 civil penalties, is not only not unconstitutional under Birchfield, but is also seemingly approved by the Supreme Court. Today, our majority rewrites the Supreme Court opinion to fit its analysis.
¶104 In sum, Birchfield narrowly holds only that state statutes which make it a crime to refuse to consent are unconstitutional. That is not what we have here. In Wisconsin, it is not a crime to refuse to consent; rather, Wis. Stat. § 343.305(9) imposes only civil penalties (i.e., license revocation). Thus, Birchfield does not dictate the outcome of this case and the majority opinion today is at odds with, rather than consistent with, the United States Supreme Court. It reads Birchfield too broadly and then misapplies Birchfield to send this case back for resentencing, requiring the circuit court to ignore relevant, pertinent, and objective facts that can and should reasonably be considered by the circuit court when imposing sentence on an individual who had been convicted for drunk driving.
II. SENTENCING FACTOR, NOT A CRIME
¶105 The majority erroneously equates North Dakota's unconstitutional criminal statute with the factors a judge sentencing a drunk driver can consider-as judges have done for decades-namely, that the defendant refused to consent. In so doing, the court rewrites Birchfield and redrafts state statutes. The court here concludes:
In sum, Birchfield dictates that criminal penalties may not be imposed for the refusal to submit to a blood test. 136 S.Ct. at 2185. A lengthier jail sentence is certainly a criminal penalty. See Doering v. WEA Ins. Grp., 193 Wis. 2d 118, 141, 532 N.W.2d 432 (1995) (referring to imprisonment as a criminal penalty); State v. Peterson, 104 Wis. 2d 616, 621, 312 N.W.2d 784 (1981) (same).
Majority op., ¶59. In so doing, the court commits error.
¶106 First, as noted above, see supra ¶¶102-104, Birchfield did not broadly hold that "criminal penalties may not be imposed for the refusal to submit to a blood test," majority op., ¶59; rather, Birchfield held more narrowly that a state statute which made it a crime to refuse to consent to a blood draw is unconstitutional.
¶107 Second, even if Birchfield stood for that broad proposition, reliance on refusal as a factor in sentencing still does not "criminalize" refusal in Wisconsin; that is, it does not transform Wisconsin's civil refusal statute into a crime. Circuit courts regularly rely on the behavior of defendants when imposing sentence (e.g., criminal and civil record, other uncharged crimes, lack of remorse, and violating probation/parole), and that behavior is not transformed into a crime, nor is it considered a criminal penalty, by virtue of its relevance to sentencing.
¶108 In sum, the majority erroneously requires circuit courts to put blinders on, to not consider relevant, pertinent, and objective factors related to the particular crime before the court, and instead insists that it is error for a court to impose sentence based upon the facts of the case before it.
III. CONCLUSION
¶109 The majority opinion seriously errs. Driving on a public highway is not a constitutional right nor is it a right at all. When someone chooses to drive in the public domain, they must comply with state statutes commensurate with that privilege. Our legislature requires, for example, a public highway driver to possess a valid driver's license. See Wis. Stat. § 343.18(1). The consequence for not having one is a civil ticket. See § 343.18(3).
*141 Our legislature has also determined, as many states have, that there are consequences for a public highway driver who drives intoxicated. One consequence of doing so is to have impliedly consented to a blood test, provided of course that there is sufficient evidence that they are driving intoxicated. See Wis. Stat. § 343.305(3). They still may refuse this implied consent, but, like driving without a license, that refusal will result in a civil ticket. See § 343.305(9). It might be one thing if the consequence for refusing that test were a criminal charge, as in Birchfield v. North Dakota, 579 U.S. ----, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), but in Wisconsin, as in many states, the consequence under our implied consent law is civil.
¶110 Relying on refusal to consent in determining sentence for an OWI does not change the civil nature of the refusal ticket. Judges can and do consider a variety of factors when imposing sentence-including conduct that is not against the law at all (e.g., lack of remorse)-and the obstructive and prohibited behavior of refusal is but one proper consideration. Thus, the majority errs in concluding that the circuit court erroneously exercised its discretion when it considered Dalton's refusal to consent to the blood draw during sentencing. Considering refusal to consent as a factor during sentencing is not the same as criminalizing refusal. Therefore, although the United States Supreme Court proscribed criminalizing refusal in Birchfield, it did not proscribe, and in fact seemingly approved of, a civil penalty for refusal. See Birchfield, 136 S.Ct. at 2185-86. I therefore disagree with the majority in our case today for at least two reasons: first, the court interprets Birchfield's holding too broadly; and second, its analysis erroneously equates "sentencing factor" with a "criminal statute." In sum, the majority opinion today rewrites Birchfield and redrafts state statutes, and, in so doing, unnecessarily creates significant risk to the users of our public highways.
¶111 Accordingly, I respectfully dissent,[2] and I join Chief Justice Roggensack's call for the United States Supreme Court to assist the state courts with respect to this issue.
¶112 I am authorized to state that Justice MICHAEL J. GABLEMAN joins this dissent.

The decision in Birchfield v. North Dakota, 579 U.S. ----, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), addressed the contentions of Danny Birchfield, William Bernard, Jr., and Steve Beylund. Although all involved implied-consent laws, all were different. Those circumstances relating to Danny Birchfield are most relevant to my discussion.

In North Dakota, criminal penalties applied to breath, blood and urine refusals. Id. at 2170.