**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**May 17, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal No. 2021AP1224** | Cir. Ct. No. 2021TR7710 |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS DISTRICT I** |

COUNTY OF MILWAUKEE,

    PLAINTIFF-RESPONDENT,

  V.

ROOSEVELT COOPER, JR.,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: JONATHAN RICHARDS, Judge. *Reversed and cause remanded for further proceedings.*

¶1 DUGAN, J.[1] Roosevelt Cooper, Jr., *pro se*, appeals from a judgment of the trial court entered following a court trial for a traffic citation. On appeal, consistent with the arguments Cooper raised below, Cooper argues that he was denied discovery and his case must be dismissed as a result of the failure to comply with discovery. The County of Milwaukee identified several additional issues raised in Cooper's brief apart from the discovery issue, and this court ordered additional briefing. After review of the additional briefing, this court concludes that Cooper is entitled to a new trial because he was denied the ability to cross-examine the officer who issued his citation and the trial court amended his citation to a new charge for which Cooper was never allowed to present a defense. Consequently, this court reverses the judgment of the trial court and remands this case for a new trial.

## BACKGROUND

¶2 Cooper received a traffic citation on December 2, 2020, for Reckless Driving-Endangering Safety, contrary to WIS. STAT. § 346.62(2). The case proceeded to a court trial that was held on May 27, 2021. At the trial, the officer who issued Cooper's citation testified that he stopped Cooper after he observed "there was excessive speeding and multiple lane changes in close proximity with other vehicles." He said he knew Cooper was speeding because he was "going faster then all the other vehicles on the road." After the officer caught up with Cooper's vehicle, the officer determined that Cooper was going approximately

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

eighty miles per hour using a method called pacing, and the officer stated that the posted speed limit was fifty-five miles per hour.

¶3      The dash cam video from the officer's car was also viewed during the proceedings.  Due to a technical difficulty, the footage was played on counsel's computer screen with the participants of the proceedings gathered around counsel's computer.  Nevertheless, the officer described that Cooper's vehicle can be seen in the video crossing the gore area, changing lanes without using a signal, and going faster than the vehicles around it.  Following the officer's testimony describing the video footage, Cooper was allowed his own opportunity to describe what he was allegedly doing in the video, and Cooper explained that he only crossed into the "gore area" to avoid an accident when the car in front of him suddenly slammed on its breaks.[2]  The video footage, however, was never moved into evidence.

¶4      At the close of the trial, the trial court found Cooper guilty of Unreasonable and Imprudent Speed, contrary to WIS. STAT. § 346.57(2).  In reaching this result, the trial court found that it was clear that Cooper crossed the gore area, passed six cars, and was speeding.  However, the trial court found that it could not see anywhere where Cooper endangered safety.  Thus, the trial court found that the charge of Reckless Driving-Endangering Safety was not supported by the evidence, but the "charge of speeding" was.  The trial court then found Cooper guilty of speeding.  The County expressed confusion over the finding, and the clerk interrupted saying that Cooper was not charged with speeding.  The

_____

[2] Cooper was not under oath when he initially began describing what he was doing in the dash cam video.  It was not until the County started questioning Cooper following Cooper's explanation of the video that Cooper was put under oath.

County stated that it could amend the charge to Unreasonable and Imprudent Speed, and over Cooper's objection, the trial court accepted the amended charge and found Cooper guilty of Unreasonable and Imprudent Speed. The court addressed the defendant in the following exchange:

> THE COURT: Well, they're amending the charge.
>
> THE DEFENDANT: Yes, and—
>
> THE COURT: I think from what I saw on the video, that the facts support that charge.
>
> ….
>
> THE COURT: Travelling at unreasonable and imprudent speed, because you were going 80 miles an hour on the freeway, and in a very, very congested part of the freeway. Where there—wasn't during rush hour, but there was definitely traffic there on the freeway and that was unreasonable and imprudent.

## DISCUSSION

¶5     Throughout the proceedings, Cooper requested discovery and argued that discovery was not provided. He argued that as a result of lack of discovery, his case must be dismissed. On appeal, Cooper raised the same argument regarding the lack of discovery. After a review of Cooper's brief and a note in the County's brief about additional issues raised but not fully developed in Cooper's brief, this court ordered additional briefing. It is on the basis of these additional issues that this court resolves this case. Consequently, we do not address the alleged discovery dispute that was the focus of Cooper's argument below and in his opening brief. *See* ***State v. Blalock***, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989). Rather, this court concludes that Cooper is entitled to a new trial for two reasons addressed in the supplemental briefing. First, the trial court improperly amended the charge to Unreasonable and Imprudent Speed over

Cooper's objection and denied Cooper the opportunity to present a defense to that amended charge. Additionally, Cooper was denied the opportunity to cross-examine the officer who issued his charge.

¶6　In *State v. Peterson*, 104 Wis. 2d 616, 312 N.W.2d 784 (1981), the defendant was charged with Inattentive Driving, contrary to WIS. STAT. § 346.89(1), and after a trial to the court, the court *sua sponte* amended the citation to Deviating From Lane of Traffic, contrary to WIS. STAT. § 346.13(1), to conform to the evidence presented and found the defendant guilty of the amended citation. *Peterson*, 104 Wis. 2d at 617-19. Our supreme court concluded that "the circuit court was correct in holding that it had the power to amend the complaint on its own motion after the presentation of the evidence"; however, "the circuit court erred in not granting the parties an opportunity to present additional evidence on the complaint as amended." *Id.* at 618. The court stated that it was now making explicit what it had already impliedly required, namely the circuit court "must offer both sides an opportunity to submit additional evidence" after *sua sponte* amendment of a charge. *Id.* at 639. As the court explained, if both sides are afforded such an opportunity, "there would be no question that the amendment was proper." *Id.* at 638.

¶7　The court also explained that the circuit court "must make findings on the issue of consent, because once consent is found, the circuit court has no choice but to amend the pleadings." *Id.* at 631 (citing WIS. STAT. § 802.09). "If the issue was tried by express or implied consent the issue must be treated as if raised in the pleadings." *Id.* As to determining implied consent, the court stated, "If the evidence has been introduced without objection and the circuit court finds that there has been no actual notice, it should find that there has been no implied consent to trial of the unpleaded issue." *Id.* at 634. Without implied consent or

actual notice, the circuit court may *sua sponte* amend the pleadings to conform to the evidence only if justice so requires. ***Id.***

¶8    Citing ***Peterson***, the County argues that the trial court has the power to *sua sponte* amend a charge to conform to the evidence presented, but the County also recognizes that the trial court must make a specific finding that a party has consented to the amendment. The County then concedes that the trial court failed to make any finding that Cooper consented to the amended charge, and in fact, the County maintains that Cooper was clear that he did not consent to the amended charge. The County also concedes that the trial court failed to give the parties an opportunity to present additional evidence to support the amended charge.

¶9    The County further concedes that Cooper was denied the ability to cross-examine the officer as it related to both the original citation and the amended citation, in violation of Cooper's right to a full and fair hearing. As the County acknowledged in its supplemental brief, "[a]t no point throughout the trial was Cooper afforded the opportunity to question or cross-examine" the officer and "Cooper was denied his right to trial." A review of the record confirms the County's characterization of the proceedings. Despite receiving an assurance that he would have an opportunity to question the officer, Cooper received no such opportunity.

¶10    While this court is not bound to accept a party's concession, *see* ***State v. Carter***, 2010 WI 77, ¶50, 327 Wis. 2d 1, 785 N.W.2d 516, this court does so here. The County's concessions are appropriate in light of our supreme court's decision in ***Peterson***. As a result, this court concludes that Cooper is entitled to a new trial on the amended charge of Unreasonable and Imprudent Speed. "[T]o

ensure that the party opposing the amendment is not unfairly deprived of the opportunity to meet the issue created by the amendment," Cooper was entitled to cross-examine the officer who conducted the traffic stop and entitled to the opportunity to present a defense to the amended charge. *See Peterson*, 104 Wis. 2d at 634. Accordingly, this court reverses the judgment of the trial court and remands this matter for a new trial.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.